## CUTSINGER v. NEBEKER ET AL.

SUPREME COURT.—*Judgment.*—*Special Findings.*—An opinion by the Supreme Court, on appeal, that a party thereto is "entitled to judgment" against the other party, on special findings of a jury, "notwithstanding the general verdict," reversing the judgment rendered by the court below, and remanding the cause "for further proceedings in accordance with" such opinion, is equivalent to a positive order to the court below to render judgment on the special findings, notwithstanding the general verdict.

SAME.—*New Trial.*—An application for a new trial, made in a cause in the court below after the same has been decided by the Supreme Court, on appeal, and more than two years after the term of court at which the cause was tried, though immediately on the certifying down of the opinion of the appellate court directing a certain judgment to be rendered, is too late, unless expressly or impliedly agreed to by the opposite party.

From the Marion Superior Court.

*C. Byfield* and *D. Howe*, for appellant.

*W. W. Woollen, Jr., S. M. Cambern* and *L. Nebeker*, for appellees.

HOWK, J.—This cause, having been put at issue, was tried by a jury in the court below at special term, at its June term, 1873. The jury on this trial returned a general verdict for the appellant, the defendant in this action, and also their special findings upon particular questions of fact stated to them in writing by the appellees, under the direction of the court. The appellees then moved the court, at special term, for a judgment in their favor on the special findings of the jury, which motion was overruled, and to this decision the appellees excepted. And the court below, at special term, rendered judgment for the appellant on the general verdict of the jury, at the said June term, 1873, of said court.

This judgment, on appeal, was affirmed by the court below in general term, at its September term, 1873; and from this latter judgment the appellees, then appellants, appealed to this court.

On that appeal, the judgment of the court below, in general term, was reversed by the judgment of this court. The opinion and judgment of this court on that appeal are reported under the title of *Nebeker et al.* v. *Cutsinger et al.*, in 48 Ind. 436, to which we refer for a full statement of the case, as it then stood, between the parties to the record. After an exhaustive and learned review of the law of the case, the opinion closed as follows:

" We are of opinion that the plaintiffs below" (now the appellees) "were entitled to judgment against the defendant Cutsinger" (now the appellant), " notwithstanding the general verdict, and that the court below, at general term, erred in affirming the judgment rendered at special term.

" The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion."

After this cause was thus remanded, at the June term, 1875, of the court below, in special term, the appellees appeared and moved the court to enter of record the

opinion and judgment of this court in this cause, and to render judgment for them on the special findings of the jury, in accordance with their former motion and the opinion of this court. Afterward, at the same term, but before any action appears to have been had on the appellees' said motion, the appellant filed his written motion for a new trial of this cause. The court below, in special term, overruled the appellant's motion for a new trial, and to this decision he excepted; and the court then sustained the appellees' former motion for a judgment on the special findings of the jury, in their favor, and to this decision the appellant also excepted, and the court below, in special term, rendered judgment accordingly; and afterward, on the same day, the appellant filed his second motion in writing for a new trial of this cause, which motion was also overruled, and to this decision the appellant also excepted.

On appeal, this judgment was afterward affirmed by the judgment of the court below, in general term, and from this latter judgment the appeal is now here prosecuted.

In this court the appellant has assigned, as error, the judgment of the court below, in general term, in affirming the judgment of said court, at special term.

The assignment of this error presents for our consideration the several alleged errors of the court below, in special term, assigned by the appellant on his appeal to the court below, in general term. These alleged errors were as follows:

1st. In overruling the appellant's motion for a new trial, made prior to the rendition of judgment against him; and,

2d. In overruling the appellant's second motion for a new trial, made after the rendition of judgment against him.

We will consider and decide the questions presented by the record of this cause, as it is now made up, without

special regard to the order in which the alleged errors have been assigned.

It seems very clear to us, that when the first judgment rendered in this cause was reversed by the judgment of this court, as reported in 48 Ind. 436, *supra*, and the cause was remanded for further proceedings in accordance with the opinion of this court then announced, the court below, at special term, could do nothing more nor less in this cause, under the law, than to render the judgment therein in favor of the appellees, and against the appellant, which this court had said, in said opinion, the appellees "were entitled to, * * * * * notwithstanding the general verdict."

The mandate of this court, when considered in connection with the opinion, was just as positive, direct, plain and specific in its requirements as if it had read thus:

"The cause is remanded, with instructions to render judgment in favor of the plaintiffs below, and against the defendant Cutsinger, on the special findings of the jury, notwithstanding the general verdict."

In the opinion, this court had said, "We are of opinion that the plaintiffs below were entitled to judgment against the defendant Cutsinger, notwithstanding the general verdict;" and, in the mandate, the cause was remanded "for further proceedings in accordance with this opinion."

Upon the return of this cause from this court, we are clearly of the opinion, therefore, that the power and the duty of the court below, at special term, were limited by law, and the mandate of this court, solely and simply to the rendition of such a judgment, in favor of the appellees and against the appellant, as this court had said that the appellees "were entitled to."

Section 354 of the practice act provides, that "The application for a new trial must be made at the term the verdict or decision is rendered." 2 R. S. 1876, p. 183.

"The term 'decision,' as used in the above statute, is clearly used in the sense of finding upon the facts, where the cause is tried by the court." *Wilson* v. *Vance,* 55 Ind. 394.

In the case at bar, the appellant's motions for a new trial were filed in the court below, at special term, two full years after the term of said court at which the verdict in this cause was rendered. The statute on this subject is imperative; and, without the agreement or consent, express or implied, of all the parties, the court has no power to give time beyond the term at which the verdict or decision was rendered, for the filing of a motion for a new trial. *McNiel* v. *Farneman,* 37 Ind. 203; *Whaley* v. *Gleason,* 40 Ind. 405; *Hinkle* v. *Margerum,* 50 Ind. 240; *Greenup* v. *Crooks,* 50 Ind. 410; *Krutz* v. *Craig,* 53 Ind. 561; *Wilson* v. *Vance, supra.*

The circumstances of this case show very clearly, that there was no agreement or consent, express or implied, to any extension of time beyond the term, for the purpose of filing motions for a new trial. It is manifest that the appellant was content with his general verdict, and therefore he made no motion, and asked no time within which to make a motion, for a new trial of this cause.

It seems to us, therefore, that, even if the court below, at special term, could have received and considered, under the law and the mandate of this court, a motion or motions for a new trial of this cause, still the appellant's motions therefor were filed too late, under the law, and were for this reason properly overruled.

We find no error in the record of this cause, of which the appellant can rightfully complain.

The judgment is affirmed, at the costs of the appellant.