WILLIAM ROGGENCAMP, PLAINTIFF IN ERROR, v. JOHN T. DOBBS, DEFENDANT IN ERROR.

1. **New Trial.** A motion for a new trial must be filed at the term at which the verdict or decision is rendered, and except for newly discovered evidence within three days after the rendition of the verdict or decision, unless unavoidably prevented.

2. ———: CONSTRUCTION OF STATUTE. The words "unavoidably prevented" are equivalent in meaning to circumstances beyond the control of the moving party, and do not excuse mere neglect.

ERROR to the district court for Lancaster county. Tried below before POUND, J. Motion to quash bill of exceptions.

*L. C. Burr*, for defendant in error, for the motion.

*H. D. Rhea* and *Foxworthy & Son*, for plaintiff in error, *contra*.

MAXWELL, J.

This is an action of replevin brought by the plaintiff against the defendant to recover certain hogs belonging to the plaintiff, which the defendant as pound master of the village of Bennett had taken up. On the trial of the cause, the jury found for the defendant, and that he had a special interest in the hogs in question for $10.50. The verdict was rendered on the seventh of June, 1882, and judgment rendered thereon on the twelfth of that month. On the eighteenth, or six days after judgment was rendered, the plaintiff asked leave to file a motion for a new trial. This application was accompanied by affidavits setting forth neglect of the plaintiff's attorney to file the motion, and that the plaintiff placed reliance upon him, etc. A motion for a new trial was also tendered. The application was overruled, and there being no motion for a new trial a motion is now made to quash the bill of exceptions.

Unless equitable grounds exist for granting a new trial, as where a party is prevented from making his defense by circumstances beyond his control, in which case equity may in a proper case grant relief. A motion for a new trial must be filed within the time fixed by law. *Horn v. Queen*, 4 Neb., 108. *Leiby v. Heirs of Ludlow*, 4 Ohio, 493. *Vannerson v. Pendleton*, 8 S. & M., 452. *Peebles v. Ralls*, 1 Little, 24. Unless equitable grounds exist, such as will warrant a court of equity in granting relief, the motion for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause of newly discovered evidence, shall be within three days after the verdict or decision is rendered, unless unavoidably

prevented.   Code, § 316.   The words " unavoidably prevented " evidently refer to circumstances beyond the control of the party desiring to file the motion.   The law requires diligence on the part of clients and attorneys, and the mere neglect of either will not entitle a party to relief on that ground.   It might be different in case of the deliberate betrayal of a client by an attorney.   But such case probably will not occur, and is not shown in this. There being no sufficient cause shown for filing the motion for a new trial, there was no error in denying the same.   As none of the errors assigned in the petition in error can be considered, the judgment of the court below must be affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.