Filed April 22, 1884.

———————◆———————

No. 10,628.

SECOR ET AL. *v.* SOUDER ET AL.

| 95 | 95 |
|-----|-----|
| 134 | 575 |
| 95 | 95 |
| 148 | 127 |

NEW TRIAL.—*Motion and Reasons.*—A motion for a new trial is not complete until the written reasons therefor are filed.

SAME.—*Reasons Filed too Late.—Record.—Supreme Court.*—Where a decision is rendered on the last day of a term of court, and a motion for a new trial then made, but the written reasons are not filed until after the first day of the next term, it is not in time and no question raised by such motion and reasons can be presented to the Supreme Court, on appeal.

SAME.—*Special Finding, Conclusions and Exception.*—Special findings, conclusions of law thereon, and exceptions to such conclusions become part of the record by being entered in the order book, without a bill of exceptions.

FRAUDULENT CONVEYANCE.—*Consideration.—Husband and Wife.*—Upon a finding of facts that a husband is indebted to his wife, that he has sufficient property to pay all his debts, that he caused certain real estate to be conveyed by the grantor to his wife, that she never after claimed the debt against her husband, and that he had caused such conveyance to be made to her to settle difficulties between him and her, it is not erroneous in the court to conclude that such sale was not fraudulent.

SAME.—*Redemption by Husband, of Wife's Property.*—Where a husband redeems land sold on foreclosure against his wife to satisfy a mortgage thereon existing at the time of the marriage, there is a valid consideration for a conveyance of the land to him.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellants.

*J. S. Dailey, L. Mock, L. P. Milligan, J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellees.

FRANKLIN, C.—Appellants sued appellees for the possession of certain real estate and to quiet their title thereto.

Appellees answered by a denial, and appellee Robert Souder filed a cross complaint claiming to be the owner of the real estate, and asking to have his title quieted to the same, which was answered by a denial.

There was a trial by the court, and, at the request of appellants, the court made a special finding and stated its conclusions of law thereon.

Appellants excepted to the conclusions of law, and, over a motion for a new trial, the court rendered judgment for the defendants, and for appellee Robert Souder on his cross complaint.

The errors assigned are the overruling of the motion for a new trial, and the exception to the conclusions of law.

Appellees insist that the motion for a new trial is not properly a part of the record, for the reason that it was not filed in time.

The special findings were announced and filed November 12th, 1881, which was the 24th and last day of the October term of said court.

The record shows that appellants then excepted to the con-

clusions of law, and moved the court for a new trial, where-upon the cause was continued until the next term.

On the 3d day of January, 1882, and the 2d day of the January term of said court, appellants filed their reasons for a new trial.

On the 5th day of January, 1882, appellants filed a motion for a *nunc pro tunc* entry showing that the reasons for a new trial were filed on the 2d day of January and 1st day of January term, 1882, which motion the court overruled, and on the 7th day of January, 1882, overruled the motion for a new trial, and rendered judgment upon the special findings and conclusions of law.

Under the R. S. 1876, the motion for a new trial had to be made and the reasons filed at the term at which the trial was had and the decision rendered, unless the same was waived by the opposite party. *Krutz* v. *Craig*, 53 Ind. 561; *Wilson* v. *Vance*, 55 Ind. 394; *Cutsinger* v. *Nebeker*, 58 Ind. 401; *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336; *Northcutt* v. *Buckles*, 60 Ind. 577; *Trentman* v. *Swartzell*, 85 Ind. 443; *Christy* v. *Smith*, 80 Ind. 573. But the 561st section of the R. S. 1881 provides: " The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

The record shows that the reasons for a new trial were filed after the first day of the next term, and that the motion for a *nunc pro tunc* entry was overruled. No question is presented to this court upon the ruling on the motion for a *nunc pro tunc* entry. Nothing to the contrary being shown, the presumption is the court decided rightly.

An application for a new trial consists of a motion there-for and the filing of the reasons, and the application is not complete until the reasons have been filed. The reasons for

a new trial in this case were not filed in time, and no question is presented for consideration by the motion for a new trial.    There is no error in overruling it.

Appellees also insist that the exception to the conclusions of law is also not properly in the record, for the reason that no bill of exceptions embracing it was filed at the time.

Special findings, conclusions of law, and exceptions to conclusions of law properly go into the record by the entries upon the order-book being copied, without a bill of exceptions, the same as verdicts of juries.    In this case the exception to the conclusions of law is properly stated in the entry upon the order-book and copied in the record, and, we think, is thereby properly in the record.

The special findings read as follows:

"On the 31st day of August, 1875, Albert Hatfield and the defendant Mary Souder were husband and wife.    Prior to that date the said Mary, owning a house and lot, sold the same for $450, and let her husband, Albert Hatfield, have $300 of the money to put in the store.    She never relinquished the ownership of the $300 prior to the 31st of August, 1875.    On the latter date, in a trade of real estate between Albert Hatfield and one William Hendry, at Albert Hatfield's request Hendry conveyed the real estate described in the complaint to Mary, the wife of Albert Hatfield, which deed was recorded in book 36, page 343, of the records of Huntington county, September 17th, 1875.    There was a mortgage amounting to $120 on the property traded by Hatfield owing by him, and to indemnify Hendry, they executed a mortgage to him on the four-acre tract described in the complaint.    The mortgage was never paid by Hatfield.    The consideration between Hatfield and his wife for said conveyance and adjustment of the differences and difficulties was to keep peace in the family, as he expressed it.    She never laid claim to the $300 afterwards. The value of the four-acre tract at that time was $400 or $500.    Albert Hatfield was at the time, and ever since has been, insolvent, although for several months after said 31st

day of August he had property enough to pay the plaintiffs' claim against him. On the 31st day of August, 1875, the said Albert Hatfield was indebted to the plaintiffs in an account which about that time was put in a note, which note was put into judgment on the 21st day of March, 1876, in the sum of $250.79, and costs. On the 19th day of July, 1878, an execution was issued on the judgment, and on the 17th day of August, 1878, the four-acre tract was sold thereon to the plaintiffs. A deed was made by the sheriff on that sale to the plaintiffs, on the 12th day of September, 1879, and recorded in book No. 1 of the records of sheriff's sales for said county, at pages 372 and 373. On the 22d day of January, 1880, Albert Hatfield and his wife, Mary, separated, and she married the defendant Robert Souder on the 3d day of February, 1880. The defendants Robert Souder and Mary Souder conveyed said realty to one Charles H. Conwell by quitclaim deed, and the said Conwell immediately conveyed the same by quitclaim deed to the defendant Robert Souder; the said mortgage on said realty was foreclosed by David B. Hoover on the 15th day of October, 1878, and the same was sold by the sheriff to said Hoover on an order of sale issued on said decree, and the equity of redemption was about to elapse and determine; the defendant paid for the redemption of said real estate from sale the sum of $205 at the time of said conveyance, to wit, February 3d, 1880. The said Robert Souder had no actual notice of any claim, lien, or demand or title on, in or to said real estate, except said sheriff's sale to Hoover and a debt claimed by Hoover as being due from Hatfield to him, and for which he and his attorney claimed that said real estate was liable. After the conveyance by Hendry to Mary Hatfield, Albert Hatfield built a house on said four acres, and the property was increased in value thereby to about $700 or $800."

The conclusions of law upon the above statement of facts are:

" That the conveyance of said real estate by William Hendry to Mary Souder, then Hatfield, was not tainted with fraud,

Secor *et al. v.* Souder *et al.*

but was for a valuable consideration from Mary to her husband Albert Hatfield, and in good faith, and that said conveyance from Robert Souder and wife to Conwell, and from Conwell to Robert Souder, were for a valuable consideration and in good faith, and are not fraudulent.

" The finding of the court is for the defendants on the issue on the complaint, and for defendant Robert Souder on his cross complaint, and that his title to said real estate be quieted."

While the special findings do not directly state that the consideration for the deed from Hendry to Mrs. Hatfield was the $300 which her husband owed her, we think the facts stated, that he then owed her $300; that he was insolvent, but then had other property sufficient to pay plaintiff's debt, that she claimed the money up to that time, that they had differences and difficulties, and that peace was thereby to be restored in the family, and that she never afterward claimed the $300, are sufficient to warrant the inference, and justify the conclusion of law, that the deed was for a valuable consideration, and was accepted by her in payment of her debt, and not to defraud his creditors. And the facts stated clearly show that the consideration of the deeds from Souder and wife to Conwell, and from Conwell to Souder, was the redemption of the land from the foreclosure sale, thereby securing to the wife an interest in the land, for without such redemption she would have lost all interest therein; and which redemption was sufficient to warrant the conclusion of law that said deeds were executed for a valuable consideration, and without the intention to defraud Hatfield's creditors.

We think there is no error in the conclusions of law.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 19, 1884.