## James McDonald v. S. S. McAllister.

[Filed July 1, 1891.]

1. **Bill of Exceptions:** Extension of Time for Preparing. Where a district court has given a party forty days from the adjournment of a term to reduce his exceptions to writing, the judge has authority to extend the time in which to prepare and serve a bill of exceptions, for a period not exceeding forty days additional, when it appears that the party seeking the bill has used due diligence. Such power exists, notwithstanding the period first allowed expired before the application for an extension of time was made.

2. ——: ——: Notice of such an application to the adverse party is not indispensable to jurisdiction.

3. **Continuance:** Discretionary with Trial Court. An application for the postponement of a trial to a later day in the term, or for the continuance of a cause, is addressed to the sound legal discretion of the court, and the ruling thereon will not be disturbed, in the absence of a showing that there has been an abuse of dircretion.

4. A motion for a new trial must be filed at the term of court the verdict is rendered, and, except for newly discovered evidence, within three days after the return of the verdict, unless unavoidably prevented.

Error to the district court for Platte county. Tried below before Post, J.

*I. L. Albert,* and *Sullivan & Reeder,* for plaintiff in error.

*McAllister & Cornelius, contra.*

Cases cited by counsel are referred to in opinion.

Norval, J.

This is an action brought by the defendant in error to recover for services rendered as an attorney at the instance

and request of the plaintiff in error. Verdict and judgment for the plaintiff below for $280, to reverse which the cause was brought into this court by petition in error.

The defendant in error moves to strike the bill of exceptions from the files, on the following grounds:

1. The bill was not presented to the defendant in error in time.

2. The trial judge had no authority to grant an extension of time in which to prepare and serve the bill of exceptions.

3. No notice that an application would be made to the judge to extend the time, was given the defendant in error.

The verdict was returned at the January term, 1890, of the district court of Platte county, which term adjourned *sine die* on the 10th day of May, 1890. The defendant below, after the expiration of the forty days given him when the judgment was rendered to reduce his exceptions to writing, applied to the judge for an order extending the time. At the May term, 1890, to-wit, June 21, the court ordered that the time for the settlement and allowance of the bill of exceptions be extended for the period of forty days in addition to the time previously allowed for that purpose.

Where the district court has given a party forty days from the adjournment of court to reduce his exceptions to writing, the trial judge has power to extend the time for that purpose for a period not exceeding forty days additional, when it appears that the party seeking the bill has used due diligence in preparing the same. And such authority exists, notwithstanding the period previously allowed expired before the application for further time is made. This was expressly held in *Greenwood v. Cobbey,* 24 Neb., 649.

There is no provision of statute requiring that notice of an application to the judge for additional time in which to prepare a bill of exceptions shall be given the adverse

party, and to hold that a judge has no authority to act unless such notice has been given, as is claimed by the defendant in error, is to inject words into the statute by judicial interpretation, which the court is powerless to do.

The only notice required by section 311 of the Code, relating to bills of exceptions, is where amendments are proposed to the bill. In which case the party seeking the bill must give five days' notice to the adverse party or his attorney, of the time and place where he will present the same to the judge for settlement and allowance.

The first point made in the motion is not borne out by the facts. The terms of court at which the verdict was returned finally adjourned on May 10; the eighty days granted in which to prepare and present the bill did not expire until July 29. The record shows that the draft of the bill of exceptions was submitted to the attorneys for the defendant in error on July 29. It was, therefore, presented in proper time. The motion to strike the bill of exceptions is overruled.

The court overruled the objection of the attorneys for defendant to proceed to trial in the defendant's absence. This ruling is assigned for error. The action was originally commenced in the county court, and without trial it was transferred to the district court under the following stipulation:

"In the County Court of Platte County, Nebraska.
"Stephen S. McAllister, Plaintiff,
          "against
"James McDonald, Defendant.

"It is hereby stipulated and agreed that this case shall be removed to and tried in the district court, in all respects as if begun in said district court, to be heard at the adjourned January term, 1890, to-wit, March, 1890, except continued for good cause shown to the court.
                    "S. S. McAllister,
                    "Sullivan & Reeder,
                         "Attorneys for Defendant."

McDonald v. McAllister.

The stipulation was filed in the district court February 17, 1890, and the petition and answer were filed March 14, the day of trial. So far as the record before us discloses no showing was made in the court below either for a postponement of the hearing or for a continuance over the term. The cause was properly upon the docket and stood for hearing on issues of fact. If counsel for defendant were not ready to proceed to trial, on account of the absence of their client, they should have made a showing to the court, by affidavit, setting up the facts relied upon to excuse his absence, or a showing why such affidavit could not be produced. An application for the postponement of a trial to a later day of the term, or for the continuance of a cause, is addressed to the sound legal discretion of the court, and the ruling thereon will not be disturbed, unless there has been an abuse of such discretion. The presumption is that the decision was right, in the absence of a showing.

On March 14, the day the verdict was returned, the defendant filed a motion for a new trial, which on the same day was overruled. Subsequently, on April 1, a motion was filed by the defendant to set aside the verdict and judgment, and for a new trial, which assigned the following reasons therefor:

1. The defendant was unavoidably prevented from being present at the trial, by being detained as a witness in certain cases in the district court of Holt county.

2. The defendant was prevented from being present at the trial on account of sickness in his family in Holt county.

At the request of the plaintiff this motion was stricken from the files, and the defendant excepted. The reason given on the journal for sustaining the motion is, because it was not filed within the time required by law.

Under the provisions of section 316 of the Code of Civil Procedure, a motion for a new trial must be filed at the term of court the verdict is returned, and except for newly

discovered evidence, within three days after the verdict, unless the party was unavoidably prevented from making the application in time. The provisions of said section are mandatory. The court is powerless to extend the time for filing such a motion. (*Fox v. Meacham,* 6 Neb., 530; *Roggencamp v. Dobbs,* 15 Id., 620; *Aultman v. Leahey,* 24 Id., 286.)

The second motion for a new trial having been filed more than three days after the verdict, was of no avail to the plaintiff in error, unless he was unavoidably prevented from filing the same within the time named in the statute. It is nowhere suggested in the motion that the grounds upon which the motion is based were not known to the party filing it before the statutory period had expired. Where a motion for a new trial is filed out of time, it must be supported by a showing excusing delay. We find copied into the transcript, an affidavit made by the defendant which cannot properly be considered for the reason that "it was not included in the bill of exceptions." (*Tessier v. Crowley,* 16 Neb., 369, and cases there cited.)

We have, however, examined the affidavit, and while it states facts which were sufficient to excuse the defendant from being present at the trial, it contains no fact or circumstance as a reason for not making his application for a new trial, on the grounds set up in his second motion, within three days after the rendition of the verdict. No error was committed in striking the motion from the files.

The remaining assignment of error is that the verdict is not sustained by sufficient evidence. The only testimony in the case is that of the defendant in error. The largest item of fees charged by plaintiff in the action, which is the only one our attention has been called to by plaintiff in error, in brief of counsel, is $400 for services rendered in the case of *McDonald v. Early,* tried in the district court of Platte county.

The case involved the title to eighty acres of land. It

had already been tried, and a motion for a new trial was pending, when McAllister was retained by McDonald to assist other counsel in the case. It appears from the testimony of the defendant in error that McDonald agreed to pay him for his services, if successful, a fee equal to one-third of the value of the land, and that the entire eighty was worth more than $1,200. McDonald won the suit, and obtained the land. Unless the plaintiff's testimony is to be entirely rejected upon this point he was entitled to at least $400 for his services in the case. While this sum appears large for the amount of labor performed by him, yet, it being the contract of the parties, the jury had no right to ignore the agreement in making up the verdict. McDonald had made the defendant in error several payments, and after allowing him credit therefor, the evidence would have justified a verdict for a larger sum than was assessed by the jury. The judgment is

AFFIRMED.

THE other judges concur.