WILLIAM DEERING & COMPANY *v.* ARMSTRONG, ADMINISTRATOR.

[No. 2,354.    Filed January 4, 1898.]

NEW TRIAL.—*Motion For.—When Filed.—Special Judge.—Statute Construed.*—The fact that a trial was heard by a special judge from another county, who did not remain to receive the verdict, and did not return until the next term of court, will not relieve a party from the requirement of section 570, Burns' R. S. 1894, that a motion for a new trial must be filed during the term at which the verdict was rendered, except where the verdict is rendered on the last day of the term, when it is not shown that any effort was made to

William Deering & Company *v.* Armstrong, Administrator.

procure the attendance of the special judge after the return of the verdict and before the close of the term in order that an application for a new trial might have been made in compliance with the statute.  *pp. 688–691.*

SAME.—*Motion For.—Filed with the Clerk.—Statute Construed.—* Filing a motion for a new trial with the clerk is not a sufficient application within the meaning of section 571, Burns' R. S. 1894.  *p. 690.*

From the Boone Circuit Court.  *Affirmed.*

*R. W. Harrison* and *H. C. Wills,* for appellant.

*F. M. Goldsberry* and *J. G. Adams,* for appellee.

WILEY, J.—This case was tried at the September term, 1896, before a special judge, the regular judge being disqualified by reason of a change of venue from him.   There was a trial by jury, and a verdict for appellee.   The verdict was returned September 16.   It appears from the record that the special judge who presided at the trial lived at Noblesville, Hamilton county; that when the cause was finally submitted to the jury, and before the return of the verdict, it was agreed that one P. H. Dutch, a disinterested attorney, should receive the verdict, in case of an agreement, and the special judge returned to his home.

The September term of the Boone Circuit Court finally adjourned for the term October 12, and the November term convened the first Monday of November, being the second day of the month.   October 12, a short time before the term finally closed, appellant presented to the clerk its motion and reasons for a new trial, which the clerk duly filed, but neither the clerk nor the appellant called the attention of the court thereto, and the court did not make an entry or memoranda thereof.   At that time the regular judge was presiding.   The special judge before whom the cause was tried, did not return to said court until November 24, 1896, being the 20th judicial day of the November term.   On that day while such special judge was

occupying the bench, appellant, over appellee's objection, filed its motion and reasons for a new trial. December 8, appellee moved to strike this motion from the record, which was sustained by the court, and appellant excepted. Thereupon the court pronounced judgment on the verdict in favor of appellee. On the same day, before the same special judge, appellant offered to refile its motion for a new trial, which motion the court rejected, to which ruling appellant reserved an exception. These facts are all embraced in a bill of exceptions, and are properly presented for our consideration. Appellant has assigned error as follows:

1. · The court erred in striking out appellant's motion for a new trial, filed October 12, 1896.

2. The court erred in refusing to allow appellant to file its motion for a new trial after judgment on the verdict.

Section 570, Burns' R. S. 1894, provides that application for a new trial may be filed during the term at which the verdict is returned, or the decision is rendered except where the verdict is returned or the decision is rendered on the last day of the term, then such motion shall be filed on the first day of the succeeding term, whether regular or special.

Section 571, Burns' R. S. 1894, provides that the application must be made by motion upon written reasons filed at the time of making the motion. Appellant contends that under the particular facts as here presented, it did all it was required to do, in the way of filing its motion for a new trial to preserve its rights; that as the special judge did not appear in the court below after the return of the verdict, until after the term closed, it had no opportunity to do more than it did. We do not think this contention is well grounded. We judicially know that the counties of

Boone and Hamilton are adjoining, and that the seats of justice thereof are connected by a direct line of railroad. There is no showing in the record that appellant made any effort to procure the attendance of the special judge, after the return of the verdict and before the close of the term, so that it might make its application for a new trial in conformity to the statute. And although the regular judge was disqualified, yet the application for a new trial might have been noted or entered by him by agreement, but it does not appear that any such request was made by appellant, and refused by appellee.

It has always been held in this State, that the presentation to the clerk of any instrument required to be filed, and his endorsement thereon of his file mark, does not constitute a filing within the meaning of the law where papers or other instruments are required to be filed in open court. Such fact must be called to the attention of the court, and the court must make an entry or a memoranda thereof. The mere writing and filing with the clerk of a motion for a new trial, is not, within the meaning of the statute, making an application for a new trial.

In Emison, Trustee, v. Shepard, Admr., 121 Ind. 184, it was said: "It is necessary that a motion for a new trial must be made or presented to the court, and that the cause or reason for the motion shall be reduced to writing and filed at the same time of making the motion, the motion to be entered by the court and the written reasons filed with the clerk. Merely writing out and filing a motion for a new trial is not making an application for a new trial within the meaning of the statute."

In Railsback v. Walke, 81 Ind. 409, it was held that an affidavit for a change of venue, which was handed to the clerk by counsel and marked filed, without calling

the court's attention thereto, though done in open court, was not a filing of the affidavit.

In *Jacquay* v. *Hartzell*, 1 Ind. App. 500, this court said: "A motion for a new trial must be made within the time fixed by law. * * * * * * It is irrevocably settled that an application for a new trial must be made within the time fixed by section 561, *supra* [section 570, Burns' R. S. 1894], unless an extension of the time be given by agreement of the adverse party, except for causes discovered after the term at which the trial was had."

In *Shaffer* v. *Milwaukee, etc., Ins. Co.*, 17 Ind. App. 204, it was said: "Under the plain meaning of the. statute and the decisions of the Supreme and Appellate Courts of this State, the appellants in this case waived their right to a motion for a new trial by not filing it during the term at which the cause was tried, it affirmatively appearing from the record that the verdict of the jury was not returned on the last day of the term." See, also, the following: *American, etc., Co.* v. *Clark*, 123 Ind. 230; *Krutz* v. *Craig*, 53 Ind. 561; *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336; *Louisville, etc., R. R. Co.* v. *Summers, Admr.*, 131 Ind. 241.

While the general rule prevails that the statute shall be construed liberally, so that the rights of parties may not be prejudiced, yet a plain and wholesome statutory provision cannot be made to bend to varying facts, conditions, and circumstances.

The construction that has been put upon the statute under consideration, is a reasonable one, and under its plain provisions, appellant's motion for a new trial was not in time to present any question for review.

Judgment affirmed.