## ALLEN *v.* ADAMS ET AL.

[No. 18,450.  .Filed May 11, 1898.]

NEW TRIAL.—*Time of Filing Motion.*—*Statute Construed.*—Where a finding of the circuit court was made on the 29th day of the November term, 1895, on December 28th of that year, and judgment not rendered till December 7, 1896, being the 13th day of the November term, 1896, three terms of court having intervened between the finding and the entering of judgment, a motion for a new trial on January 29, 1897, is too late.  *p. 410.*

QUIETING TITLE.—*Sale of Wrong Tract of Real Estate by Sheriff.*—*Answer.*—In satisfaction of an execution A turned out to the sheriff a certain described tract of real estate which was sold by the sheriff by an incorrect description so as to seem to convey another tract of A's real estate.  A then sold the land turned out to the sheriff, one of the conditions being that the purchaser should redeem same from sheriff's sale.  The purchaser borrowed the money to make the redemption from C, assigning as collateral security the sheriff's certificate.  The money so borrowed was repaid, but C neglected to reassign the certificate.  C afterwards took in his own name a deed from the sheriff of the land incorrectly described in the certificate, and executed a quitclaim deed to B.  In a suit brought by B for the partition of the real estate which A had never turned out to the sheriff, but which was improperly described in the certificate, A filed cross-complaint setting up the foregoing facts, and asked that his title be quieted.  *Held,* that, the cross-complaint stated facts sufficient to constitute a cause of action.  *pp. 412, 413.*

From the Vigo Circuit Court.  *Affirmed.*

*I. N. Pierce* and *S. R. Hamill,* for appellant.

*S. B. Davis, S. M. Reynolds, G. M. Davis* and *C. F. McNutt,* for appellees.

HOWARD, C. J.—This was an action for partition of real estate, brought by appellant against appellees. To the complaint the appellee Andrew J. Adams appeared, and filed his separate answer in general denial.  He also filed two special pleas, the first being called a paragraph of answer, and the second a cross-complaint.  In each of these special pleas the facts are set out, and the prayer is to quiet title in appellee

to all the land.    A demurrer "to the answer and cross-complaint" was overruled.    The issues being then joined, there was a finding and judgment in favor of the appellee Andrew J. Adams.    A new trial as of right having been granted, the special judge below was appointed to try the case.    The finding, or decision, on the second trial reads as follows:    "Come again the parties by attorneys aforesaid, and the evidence in this cause being concluded, and the court having heard the argument of counsel, and being advised, finds for the defendant Andrew J. Adams on the complaint, that the plaintiff take nothing by his action; and finds for said defendant on his cross-complaint, that he is entitled and ought to have his title to the real estate set out in the complaint quieted in him as against plaintiff."

This decision was rendered on December 28, 1895, being the 29th day of the November term, 1895, of the Vigo Circuit Court.    On December 7, 1896, being the 13th day of the November term, 1896, of said court, judgment on the finding was entered in favor of the appellee Andrew J. Adams; and thereafter, on January 29, 1897, the appellant filed his motion for a new trial, which was overruled, and this appeal followed.

One of the rulings complained of is the overruling of the motion for a new trial.    Appellee, however, contends that this motion came too late.

Except where the causes for a new trial are discovered after the term, the statute which provides for the time when the motion may be made is section 570, Burns' R. S. 1894 (561, R. S. 1881), which reads as follows:    "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then on the first day of

the next term of such court, whether general, special or adjourned."

In this case, as we have seen, the finding of the court was made on December 28, 1895, at the November term, 1895, while the motion for a new trial was not filed until January 29, 1897, at the November term, 1896. We know that December 28, 1895, was not the last day of the November term, 1895, of the Vigo Circuit Court; and we also know that three regular terms of said court intervened between the November term, 1895, and the November term, 1896.

We think it very plain, from the terms of the statute above cited, as well as from numerous decisions of this court, that the motion for a new trial came too late. The record does not show any agreement to extend the time for filing the motion.

It was said by Worden, C. J., in *Wilson* v. *Vance*, 55 Ind. 394, that, "The term 'decision,' as used in the above statute, is clearly used in the sense of finding upon the facts, where the cause is tried by the court. As the motion is to be made at the term at which the verdict or decision is rendered, and as the causes are to be filed at the time of making the motion, it follows that they must be filed at that term. The statute is imperative, and the court cannot grant time beyond the term against the consent of the parties."

See, also, *Christy* v. *Smith*, 80 Ind. 573; *Rodefer* v. *Fletcher*, 89 Ind. 563; *Jones* v. *Jones*, 91 Ind. 72; *Dodge* v. *Pope*, 93 Ind. 480; *Evansville, etc., R. R. Co.* v. *Maddux*, 134 Ind. 571.

Complaint is also made that the court erred in overruling appellant's "demurrer to the answer and cross-complaint." This demurrer reads as follows: "Comes now said plaintiff and demurs to the separate answer and cross-complaint of defendant Andrew J. Adams, and for cause says, that said answer does not state

facts sufficient to constitute a defense to plaintiff's complaint herein, and said cross-complaint does not state facts sufficient to constitute a cause of action against plaintiff."

Whether it is proper practice to file a single demurrer to two distinct pleadings, as, in this case, to an answer and to a cross-complaint, may be doubted. But without further considering the propriety of such practice, it is clear that, so far at least as the answer before us is concerned, there can be no question that the demurrer was properly overruled, since one paragraph of the answer is a general denial.

The facts set up in the cross-complaint, besides constituting a defense to the action stated in the complaint, also make out a cause of action entitling the defendant to a decree quieting his title to the land in controversy. These facts may be sufficiently stated as follows: An execution had been issued upon a judgment against the appellee, and in satisfaction of this execution he turned out to the sheriff a certain described piece of real estate. This real estate was sold by the sheriff by an incorrect description, so as to seem to convey the land in controversy, also belonging to appellee. The land so turned out to the sheriff was thereupon sold by appellee, one of the conditions of the sale being that the purchaser should redeem the land from the sheriff's sale. The purchaser borrowed from one Carithers the money to make the redemption, giving to Carithers, as collateral security, the sheriff's certificate. The money so borrowed was afterwards repaid, with usurious interest; but the purchaser neglected to have the sheriff's certificate reassigned, and Carithers afterwards took a deed from the sheriff in his own name, and then made a quitclaim deed for the land to appellant. The land described in the sheriff's certificate and in the quit-claim

deed to appellant had never been turned out by the appellee, but had at all times continued to be occupied and claimed by him as his own; all of which facts were also known to appellant when he took the quit-claim deed,—appellant at the time living, as tenant of appellee on the very land in controversy, and being himself appellee's son-in-law. It is evident from these facts that the land here in dispute had never ceased to be the property of appellee, and always remained in his sole, exclusive, and undisturbed possession; and also that the land turned out to the sheriff had been fully redeemed by appellee's grantee, who, through ignorance or mistake, had neglected to take up the certificate. The conduct of Carithers in taking a sheriff's deed in his own name, and of appellant, who knew all the facts, in taking a deed from Carithers for land which he knew to belong to his father-in-law, was most reprehensible. It was a righteous decision, on each trial of this case, that denied to appellant the right to filch from appellee his land by such an unconscionable scheme. The demurrer to the cross-complaint was properly overruled. Judgment affirmed.