## BOSWELL, ADMINISTRATOR, ETC., v. BLILER.

Mandatory Statutes — Motion for New Trial — Appeal and Error — Errors not Discussed in Brief.

1.   The statute providing the time within which motions for new trial may be filed is mandatory.

2.   Where the last day for filing a motion for new trial, as provided by law, falls on Sunday, it may be filed on the following day, under Section 3423 Rev. Stat.

3.   A motion for new trial not filed until the term succeeding the term at which the verdict or decision is rendered is not filed in time, (R. S. Sec. 3748.)

4.   Errors assigned as ground for new trial which are not presented in the brief of plaintiff in error are deemed to be waived.

[Decided October 8, 1900.]

Error  to  the  District  Court,  Albany  County,  Hon. Charles  W.  Bramel,  Judge.

Action upon an account for the agistment of cattle. Judgment went for plaintiff, and defendant brings error. The only error assigned was an excessive allowance of interest.

*N. E. Corthell,* for plaintiff in error, contended that interest should have been allowed from thirty days after the date of the last item, instead of from thirty days after each item as allowed by the trial court, and cited Sanderson v. Reed, 75 Ill., 190; Pac. C. L. S. Co. v. U. S., 33 Ct. Cl., 36; L. 1895, Ch. 30, Sec. 4; Imperial H. Co. v. Claflin, 175 Ill., 119; Phillips v. Reben, 64 Ill. App., 477; Baxter v. State, 9 Wis., 44; Lepin v. Paine, 15 Neb., 326; Devereaux v. Henry, 16 *id.*, 55; Weston v. Brown, 30 *id.*, 609; Newman v. Newman, 29 Mo. App., 649; 15 Colo., 257; 14 S. W., 1068.

*C. E. Carpenter,* for defendant in error, contended that the cattle were kept yearly, and interest ran from each year as to the amount due therefor, and further that plaintiff's proper course was a demurrer to the petition or a motion for separate statement. It was also contended that the motion for new trial was not filed in time, having been filed after the term.

KNIGHT, JUSTICE.

This action was originally brought in the district court of Albany County by the defendant in error, Warren Bliler, against plaintiff in error, Nathaniel K. Boswell, as administrator of the estate of Bertha A. Hance, deceased, upon an account for services rendered; and judgment was rendered in said court in favor of said defendant in error for the sum of $445.75, on the 9th day of March, A. D. 1899. Subsequently, on the 13th day of March, A. D. 1899, said plaintiff in error filed his motion for a new trial, which was denied, and the case comes to this court on error. Defendant in error calls attention to

the fact that said motion for a new trial was filed four days after the judgment was rendered. Section 3423, Revised Statutes of Wyoming, reads as follows : "Unless specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded."

In this case, the third day after the rendition of the judgment, was Sunday, March 12, and if no other objec tion appeared, said motion might within time have been filed on Monday, March 13. Another objection, however, is made, viz.: that said March 13, 1899, was the first day of the ensuing term of court. Section 3748 of our laws reads as follows: "The application for a new trial must be made at the term the verdict, report, or decision is rendered; and except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be made within three days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time."

This court in the case of Casteel v. the State, and at the present term has entered very fully into a discussion of Section 5416 of our law, the same being the statutory provision as to motions for a new trial in criminal cases; and it seems to be unnecessary to repeat here the reasons given for holding that the requirements of law providing the time within which, and the term at which, the motion must be filed are mandatory. Plaintiff in error claims, "There was a motion for a new trial and a bill of exceptions which are incorporated in the record; but which are unnecessary to the consideration of the error alleged for the reason that the petition, on its face, does not sustain the judgment in this respect." Let us see if this contention is supported by the facts.

The second cause of action contained in the petition upon which judgment was rendered reads as follows;

"2. Plaintiff alleges that on the 2d day of November, 1897, the said Bertha A. Hance was indebted to this plaintiff in the sum of $374.10, money due for the care, keeping, pasturing, marketing, breeding, and all expenses in the taking care of the cattle of the said Bertha A. Hance, at her instance and request, as follows, to wit: 15 head of cattle for the year 1892, at the rate of $4.30 per head, $64.50; ten head of cattle for the year 1893, at the rate of $4.30 per head, $43.00; thirteen head of cattle for the year 1894, at the rate of $4.30 per head, $55.90; sixteen head of cattle for the year 1895, at the rate of $4.30 per head, $68.80; twenty head of cattle for the year 1896, at the rate of $4.30 per head, $86.00; thirteen head of cattle for the year 1897, at the rate of $4.30 per head, $55.90. And the said estate of the said Bertha A. Hance became indebted to this plaintiff in the total and full sum of $374.-10, and in addition thereto the interest accruing on the several amounts at the rate of eight per cent per annum, as follows, to wit: On $64.50, from the 1st day of February, 1893; on $43.00 from the 1st day of February, 1894; on $55.90 from the 1st day of February, 1895; on $68.80 from the 1st day of February, 1896; on $86.00 from the 1st day of February, 1897; on $55.90 from the 1st day of February, 1898.

Subsequently a credit of $33.70 with interest at eight per cent, from December 8, 1897, is confessed; and the prayer of the petition is in accordance with the claims as above set forth, the answer to so much of said petition being a general denial.

Upon the issues so joined evidence was introduced and judgment rendered for the amount as claimed. The motion for a new trial was upon three grounds: 1. That there is error in the assessment of the amount of recovery, the same being too large. 2. That the verdict, finding, and decision is not sustained by sufficient evidence. 3. That the verdict, finding, and decision is contrary to law.

Of the grounds for a new trial none but the first has

been presented in plaintiff's brief, and the others are waived. Syndicate Improvement Co. v. Bradley, 6 Wyo., 171. In the case of Syndicate Improvement Co. v. Bradley, 7 Wyo., 228, it was held, That error in the assessment in the amount of recovery, whether too large or too small, when the action is upon a contract being a statutory ground for a new trial, and not having been specified in the motion for a new trial, could not be considered as a cause for reversal by this court.

The motion for a new trial not having been filed within the time and as required by law, and the error complained of being one requiring that the attention of the trial court should be directed to it by a motion for a new trial. The judgment must be affirmed.

*Affirmed.*

Potter, C. J., and Corn, J., concur.