## DUGDALE v. DONEY.

[No. 4,277. Filed January 7, 1903.]

NEW TRIAL.—*Motion.*—*Time of Filing.*—The provision of §570.Burns 1901, that if a verdict or decision is rendered on the last day of the session of any court, or on the last day of any term, the motion for a new trial may be made on the first day of the next term is imperative, and the court has no power to grant an extension beyond the time specified, without the consent of the parties, express or implied. *pp. 241, 242.*

SAME.—*Motion.*—*Time of Filing.*—*Waiver.*—Where it appears from the record that appellee was absent when the motion for a new trial was filed, his failure to object that the motion was not filed in time will not amount to a waiver of such objection. *p. 242.*

From Superior Court of Marion County; *J. M. Leathers,* Judge.

Dugdale v. Doney.

Action by Charles P. Doney against Benjamin H. Dugdale. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. D. Bowen,* for appellant.

*W. W. Thornton,* for appellee.

Roby, C. J.—The sole assignment of error herein is based upon the overruling of appellant's motion for a new trial. Appellee insists that the motion was not seasonably filed, and that therefore no question is presented. The verdict of the jury was returned on the last day of the September term, 1901, of the Marion Superior Court. The motion was filed on the fifth day of the October term thereof.

"The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special or adjourned." §570 Burns 1901, §561 Horner 1901.

The statute is imperative, and the court possessed no power to grant an extension beyond the time specified, without the consent of the parties, express or implied. *Wm. Deering & Co.* v. *Armstrong,* 18 Ind. App. 687; *Krutz* v. *Craig,* 53 Ind. 561; *Cutsinger* v. *Nebeker,* 58 Ind. 401; *Secor* v. *Souder,* 95 Ind. 95; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind. 571; *City of Evansville* v. *Martin,* 103 Ind. 206; *Allen* v. *Adams,* 150 Ind. 409; *McIntosh* v. *Zaring,* 150 Ind. 301.

The record is in part as follows: "And afterwards, on the 11th day of October, 1901, being the fifth judicial day of the said October term of this court, before the same Honorable Judge, the following proceeding was had herein, viz.: Comes the defendant by counsel and files his motion for a new trial of this cause in these words and figures, viz.: * * * And afterwards, to wit, on the 14th day of Octo-

ber, 1901, being the seventh judicial day of the October term aforesaid of this court, before the same Honorable Judge, the following proceedings were had herein, viz.: Come the parties by counsel, and the court overrules the motion for a new trial of this cause, to which ruling the defendant at the time excepts." It thus affirmatively appears that appellee, was not present when the motion for a new trial was filed. It can not be presumed from the silence of an absent party that he agrees to waive the benefit of the statutory provision. No agreement to extend the time for filing the motion is shown by record entry or otherwise. It can not, therefore, be considered. *Van Hook* v. *Young*, 29 Ind. App. 471; *Allen* v. *Adams*, 150 Ind. 409; *McIntosh* v. *Zaring*, 150 Ind. 301-316.

Judgment affirmed.