CITY OF PERRY v. NATIONAL SEWING MACHINE COMPANY,
a Corporation.

(Filed September 10, 1903.)

**MOTION FOR NEW TRIAL.** Where a motion for a new trial for errors occurring during the trial is filed after the decision and judgment of the court, and the record is silent as to the date of the filing of the motion, and it appears that the motion was overruled seventeen days after the decision and judgment was rendered, and no reason is shown for any delay in the filing of the motion, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below, and the ruling of the ·court in overruling such motion upon the hearing thereof, that the motion was not made in time, and therefore the court below did not err in overruling it.          *

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*J. W. Quick,* for plaintiff in error.

*H. B. Martin, Walter B. Paschall* and *Charles R. Bostick, Jr.,* for defendant in error.

### STATEMENT OF FACTS.

An action by defendant in error to recover upon a warrant of plaintiff in error. Trial, finding and judgment for defendant in error, for the sum of $420.20 and costs. Plaintiff in error brings the case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: The record in this case shows that a trial was had in the court below on the 12th day of June, 1901, without a jury. After the finding and decision of the court for the plaintiff below, and the entry of judgment thereon,. the plaintiff in error filed a motion for a new trial, alleg-

ing errors occurring during the trial. The record is silent as to the date of the filing of the motion for new trial, but it appears that such motion was heard on the 29th day of June, 1901, seventeen days after the decision and judgment of the court was rendered. Defendant in error contends that where the record is silent as to the date of the filing of the motion, as in this case, and the same was not heard until more than three days after the rendition and entry of such judgment, and no reason is shown for delay in the filing of the motion, it will be assumed by the supreme court, for the purpose of upholding the judgment of the court below, and the ruling of the court in overruling such motion upon a hearing thereof, that the motion was not made in due time, and therefore the court below did not err in overruling it. Section 4495, Wilson's Statutes, 1903, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered and except for a case of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The record in this case discloses a motion for a new trial, There is no endorsement upon the motion to show when the same was filed, or that it was ever filed in the court below. There is no statement in the record which in any way indicates that such a motion was ever in fact filed, except as disclosed by the journal entry and order of the court made on the 29th day of June, 1901, seventeen days after the decision and entry of judgment herein, which purports to overrule a motion for a new trial. As it is not shown by the record that

the motion was filed within the time required by the statute, and no reason given for the delay, and as the court overruled the motion upon the hearing thereof, it will be presumed by this court, for the purpose of upholding the judgment of the court below that the motion was not made in time, and therefore the court below did not err in overruling it. (*U. S. ex rel v. C. O. & G. R. R. Co.,* 3 Okla. 409; *Long v. County Commissioners,* 5 Okla. 128.)

Our code of civil procedure was adopted from the state of Kansas, and this court universally follows the settled construction which has been given to said statutes by the supreme court of that state prior to its adoption here. It has been by that court repeatedly held with reference to motions for new trial, that the motion must be filed in strict conformity with the provisions of the statute, i. e., within three days after verdict or decision was rendered, unless unavoidably prevented. (*Mercer v. Ringer,* 40 Kans. 189.) And that when no showing has been made that the party applying has been unavoidably prevented from filing his motion within the time specified under the statute, the court cannot consider or review the errors occurring upon the trial. (*Odell v. Sergant,* 3 Kans. 80; *Mitchell v. Milholan,* 11 Kans. 617.)

And where a motion for a new trial is not filed within the statutory time, the district court does not err in overruling it. (*Nesbit v. Hines,* 17 Kans. 316.)

In the case of *Hover v. Tenney,* 27 Kans. 133, the facts are very much like the case at bar, and we quote from the syllabus:

"Where a motion for a new trial for errors occurring during the trial is filed after the verdict and judgment, and

the record is silent as to the date of the filing of the motion, and it appears that the motion was heard thirteen days after the verdict and judgment were rendered, and no reason is shown for any delay in the filing of the motion, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below and the ruling of the court in overruling such motion upon the hearing thereof, that the motion was not made in time, and therefore the court below did not err in overruling it." (*Lucas v. Sturr,* 21 Kans. 480.)

The motion for a new trial was for the reasons: First, errors of law occurring at the trial, and excepted to by the defendant; second, that the judgment of the court is contrary to law; third, that the judgment of the court is contrary to the evidence.

There is no contention by plaintiff in error of any errors except those occurring during the trial. There were no separate findings of fact or conclusions of law made by the court, nor does the record disclose that any request was made for separate findings or conclusions of law.

Where there is a trial by the court, unless the court states the conclusions of facts found, separately from the conclusions of law, or a motion for new trial is filed, the case is not in that condition which will authorize the supreme court to determine whether error was committed or not. (*Lacey v. Dunn,* 5 Kans. 567.)

The fact that the journal entry recites that a motion for a new trial was made and overruled is not sufficient. Such a recital is no part of either the motion or the judgment. The motion itself must be in writing, filed at the time of making it, and must appear in the record. (*Ferguson v. Graves,* 12 Kans. 39.)

Unless the motion for a new trial was filed in the court below within the time provided by statute, it was the duty of the trial court to have overruled such motion, and for aught we know the court upon discovery of that fact may have overruled the motion without further consideration, and if the motion was not made in time, all the errors occurring during the progress of the trial were waived.    Upon the record as presented, the judgment of the court below is affirmed, with costs to the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.