JOINER V. GOLDSMITH.

No. 400.   Opinion Filed March 8, 1910.

(107 Pac. 733.)

**APPEAL AND ERROR**—Review—**Motion for New Trial—Time of Filing.** Snyder's Comp. Laws Okla. sec. 5827, requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring on the trial. **Held, further, that** the trial court has no power to grant an extension beyond the time specified.

(Syllabus by the Court.)

*Error from Carter County Court; I. R. Mason, Judge.*

Action by J. Goldsmith against C. M. Joiner. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. D. Bibbs,* for plaintiff in error.
*J. W. Harrold,* for defendant in error.

TURNER, J. On November 30, 1907, J. Goldsmith, defendant in error, as plaintiff, sued C. M. Joiner, plaintiff in error, in the county court of Carter county, as indorser on a certain promissory note, dated Ardmore, I. T., April 13, 1907, made by F. D. Johnson and T. S. Ross, payable to L. C. Pollard for $300, and by him indorsed to plaintiff. After amended answer and reply filed, there was trial by jury which, on March 16, 1906, resulted in a verdict and judgment for plaintiff and against defendant for said sum, with interest and costs. On March 20, 1908, or four days later, defendant filed motion for a new trial, which was overruled. Defendant brings the case here, and assigns for error that the court erred in overruling his motion for a new trial. But we cannot consider it, for the reason that the motion was filed out of time. Snyder's Comp. Laws Okla. § 5827, requiring that the motion be filed within three days after the verdict, is mandatory; and, in

the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified by the statute, this court cannot consider it or review the error occurring upon the trial. *U. S. ex rel. v. C., O. & G. R. R. Co.,* 3 Okla. 404, 41 Pac. 729; *Ryland v. Coyle et al.,* 7 Okla. 226, 54 Pac. 456, citing: *McNally v. Keplinger,* 37 Kan. 556, 15 Pac. 534; *Pratt v. Kelley,* 24 Kan. 111; *Norris v. Evans,* 39 Kan. 668, 18 Pac. 818; *Boswell, Adm'r, v. Bliler,* 9 Wyo. 277, 62 Pac. 350; *Schofield, Receiver, v. Slaughter,* 9 N. M. 422, 54 Pac. 757. No such showing was made or attempted.

In *Nebraska National Bank v. Pennock,* 59 Neb. 61, 80 N. W. 255, the court construed a statute identical in terms to the section *supra.* The court said:

"The amended transcript shows the cause was tried in the court below without the intervention of a jury, and the decision and judgment were rendered on February 13, 1899, and that the motion for a new trial was not filed until February 17th, or four days later. By section 316 of the Code of Civil Procedure it is provided: 'The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.' Except for the causes enumerated in the foregoing section, a motion for a new trial must be filed within three days after the entry of the decision or verdict. The provisions of the statute are not directory merely, but are wholly mandatory, and a motion for a new trial filed out of time is of no avail, and cannot be considered unless an earlier filing was unavoidably prevented, or the motion is based upon the ground of newly discovered evidence. See *Fox v. Meacham,* 6 Neb. 530; *Roggencamp v. Dobbs,* 15 Neb. 620 [20 N. W. 100]; *Aultman v. Leahey,* 24 Neb. 286 [38 N. W. 740]; *Davis v. State,* 31 Neb. 240 [47 N. W. 851]; *McDonald v. McAllister,* 32 Neb. 514 [49 N. W. 377]. Plaintiff, not having brought itself within the exception contained in the statute by showing the filing of the motion for a new trial within three days, was 'unavoidably prevented,' its motion is unavailing, and the grounds stated therein cannot be considered."

But it might be contended that the court extended the time for filing the motion. On this point the record discloses, by an independent recital in the case-made, on the day the verdict was rendered, "that defendant's counsel gave notice of filing the motion for a new trial, and leave of court was granted till the evidence could be transcribed to file written motion for new trial." This the court had no right to do. The statute is not only mandatory, but leaves no discretion in the court with respect to the time of its filing.

In *Bank v. Porter*, 148 Mo. 176, 49 S. W. 982, Rev. St. 1889, § 2243, was under construction, and provided:

"All motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term."

A motion to amend the motion for a new trial filed in time, so as to show newly discovered evidence material to the issues, accompanied with affidavit that it was no fault of the plaintiff that its officers did not know of it and introduce it on the trial, etc., was filed after the four days had expired and within the term, but overruled by the trial court. The Court of Appeals reversed the judgment of the trial court and remanded the cause. On appeal the Supreme Court declared the statute mandatory, with no discretion in the trial court with respect to the time of filing such motions, and in passing said:

"Nor does it make any exceptions upon the ground of newly discovered evidence, or anything else which may occur or be discovered after the expiration of the time fixed thereby in which the motion is required to be filed. The merit of such a motion with respect to its filing has nothing to do with it. Whether meritorious or otherwise, it must be filed within the prescribed time. (*State v. Brooks*, 92 Mo. 542 [ 5 S. W. 257, 330]; *Maloney v. Railroad*, 122 Mo. 106 [26 S. W. 702]; *City of St. Joseph v. Robison*, 125 Mo. 1 [28 S. W. 166])—"

and reversed the judgment of the Court of Appeals, with directions to enter up judgment affirming the judgment of the circuit court. *Bank v. Bennett*, 138 Mo. 494, 40 S. W. 97.

In *State v. Dusenberry*, 112 Mo. 277, 20 S. W. 461, defendant asked leave to file an amended motion for a new trial after the expiration of four days allowed by law for filing such motion. The court refused permission, and it was held no error.

In *McDonald v. McAllister*, 32 Neb. 514, 49 N. W. 377, the court said:

"Under the provisions of section 316 of the Code of Civil Procedure a motion for a new trial must be filed at the term of court the verdict is returned, and, except for newly discovered evidence, within three days after the verdict, unless the party was unavoidably prevented from making the application in time. The provisions of said section are mandatory. The court is powerless to extend the time for filing such a motion. *Fox v. Mechom*, 6 Neb. 530; *Roggencamp v. Dobbs*, 15 Neb. 620 [20 N. W. 100]; *Aultman v. Leahcy*, 24 Neb. 286 [38 N. W. 740]."

In *Frazier v. Judge of Record's Court*, 112 Mich. 469, 70 N. W. 1042, one Dale was, on May 18, 1896, convicted of a felony, and sentenced on January 18, 1897. His attorney filed a motion for a new trial which, on January 26th, was granted. It was insisted that the court had no jurisdiction to grant a new trial at the time, on the ground that the statutory limit had expired. The governing statute (2 How. Ann. St. § 9576) reads:

"The court in which the trial of any indictment shall be had may, at the same term, or at the next term thereafter, on the motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court shall direct."

Respondent, on the day of conviction, entered an order granting 90 days in which to move for a new trial. On September 2d an order was entered extending the time to move for a new trial 45 days after August 15th; on September 21st another order was made, further extending the time 60 days, and on November 20th, again extended 60 days for like purpose. The prosecuting attorney was in court, and made no objection. Three full terms of court had passed between the date of conviction and the date of the motion. The court, in substance, held that said statute em-

powering the court to grant a new trial in a criminal cause at the same term at which the trial was held, or at the next term thereafter, could not be avoided by the entry of orders extending the time in which the motion for a new trial might be made.

In *Gill v. Rodgers,* 37 Tex. 628, the court, speaking to this point, says:

"The statute provides that 'all motions for new trials in arrest of judgment, or to set aside a judgment, shall be made within two days after the rendition of the verdict.' The terms of the law are mandatory, and must be obeyed by the courts as well as by parties. We know of no exception to this requirement of the statute, which will allow parties litigant to come in after the expiration of the time limited by law with a simple motion for a new trial."

In *Dugdale v. Doney,* 30 Ind. App. 240, 65 N. E. 934, the verdict of the jury was returned on the last day of the September term, 1901, of the Marion superior court. The motion for a new trial was filed on the 5th day of the October term. The governing statute (Burns' Ann. St. 1901, § 570) read:

"The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special or adjourned."

The court said:

"The statute is imperative. and the court possessed no power to grant an extension beyond the time specified, without the consent of the parties, express or implied, (*Wm. Derring & Co. v. Armstrong,* 18 Ind. App. 687 [48 N. E. 1045]; *Krutz v. Craig,* 53 Ind. 561; *Cutsinger v. Nebeker,* 58 Ind. 401; *Secor v. Souder,* 95 Ind. 95; *Evansville, etc., R. Co. v. Maddux,* 134 Ind. 571 [33 N. E. 345, 34 N. E. 511]; *City of Evansville v. Marin,* 103 Ind. 206 [2 N. E. 596]; *Allen v. Adams,* 150 Ind. 409 [50 N. E. 387]; *McIntosh v. Zaring,* 150 Ind. 301 [49 N. E. 164])—"

and declined to consider the motion.

As the motion for a new trial alleges as grounds therefor errors occurring during the trial only, and as the same was not filed

in time, we are of opinion that the court below did not err in overruling it. *City of Perry v. Nat. Sewing Machine Co.,* 13 Okla. 211, 74 Pac. 189; *Nesbit v. Hines,* 17 Kan. 316.

The judgment of the trial court is affirmed.

All the Justices concur.