BROWNELL & COMPANY V. JOHN A. FULLER ET AL.

FILED APRIL 21, 1898. No. 9876.

Bill of Exceptions: ALLOWANCE BY DEPUTY CLERK. In cases where the clerk of the district court is authorized to settle bills of exceptions, the act may be performed by a deputy, it not being shown that the principal is absent.

MOTION to quash bill of exceptions. *Overruled.*

*B. N. Robertson*, for the motion.

*Lane & Murdock* and *Congdon & Parish,* contra.

PER CURIAM.

This case is presented on a motion to quash the bill of exceptions. The order of allowance is signed "Albyn L. Frank, Clerk Dist. Court, by J. D. Harris, Deputy." The principal grounds of the motion are that there is no showing that the judge was prevented by sickness or absence

from his district from allowing the bill, and that the deputy clerk is in no instance authorized to perform such an act. The former ground seemed to be well taken when the motion was filed, but plaintiff in error has since tendered an additional transcript containing the affidavit on which the clerk was authorized to act by section 311 of the Code of Civil Procedure. This affidavit is combated because not embodied in a bill of exceptions, because it is not the best evidence, because no leave to file it has been given, and because it was executed before a notary public who was one of the attorneys for plaintiff in error. It has never been held that the proofs on which authority to settle a bill of exceptions depend must themselves be embodied in a bill of exceptions. On the contrary, it has always been the practice to receive, on a motion to quash, independent evidence in this court. The transcript of the affidavit is the best evidence. (Code of Civil Procedure, sec. 408.) Leave is now given to file it in accordance with a motion made for that purpose and the established practice of the court. While it is shown to have been executed before an officer who was not permitted to take it, the officer was generally empowered to take affidavits, and did not act wholly without power. In such case the affidavit is not a nullity. It was irregular merely. An act based thereon was not void. (*Horkey v. Kendall*, 53 Neb. 522.)

We are thus brought to a consideration of the powers of a deputy clerk in such matters. The discussion on this subject turns upon section 2, chapter 24, Compiled Statutes, and section 893 of the Code of Civil Procedure. By the former section it is enacted: "In the absence or disability of the principal, the deputy shall perform the duties of his principal pertaining to his own office, but when an officer is required to act in conjunction with or in place of another officer, his deputy cannot supply his place." By the latter section it is provided that "Any duty enjoined by this Code upon a ministerial officer, and any act permitted to be done by him, may be performed

by his lawful deputy." The joint effect and the proper construction of these two sections was the subject of investigation in *Nebraska Loan & Building Ass'n v. Marshall*, 51 Neb. 534, where it was held that the provision in chapter 24 of the Compiled Statutes relates to the power of a deputy to supply the place of the principal in the case of the latter's absence or disability, and that the provision from the Code of Civil Procedure governs as to the general power of deputies in matters enjoined upon or permitted to officers under that Code. So construed, it was held that a deputy sheriff might act for his principal in appraising property preliminary to a judicial sale. The case is not distinguishable in principle from the one before us.

A final objection to the bill is that no notice was served on the defendant in error of the time of presenting the bill for allowance. Amendments had been suggested, but were all allowed by plaintiff in error and are now incorporated in the bill. In such case, as well as when no amendments have been proposed, no notice need be given. (Code of Civil Procedure, sec. 311.) ·

MOTION OVERRULED.