JABEZ R. HUNTER v. UNION LIFE INSURANCE COMPANY
OF OMAHA.

FILED MARCH 8, 1899.   No. 10547.

1. **Rules of Court**: CONSTRUCTION. If there is room for construction,
that given to its rules by a court or a judge thereof will gen-
erally be accepted as conclusive.

2. **Bill of Exceptions**: EXTENSION OF TIME: NOTICE. Notice of an ap-
plication to a judge of the district court for an extension of
time within which to prepare and serve a bill of exceptions is
not indispensable to jurisdiction.

3. **Rules of Court.** The rules of this court are not necessarily govern-
able in matters before the district courts or the judges thereof.
The portion of section 899, Code of Civil Procedure, which made
them so was applicable, when enacted, to the courts as then
organized and the existing conditions, but the constitutional
changes in the organization of the courts and the changes in the
conditions have rendered it inapplicable.

4. **Bill of Exceptions**: ALLOWANCE: NOTICE. No notice of the pre-
sentment of the bill of exceptions to the trial judge for settle-
ment and allowance is required unless amendments to the bill
have been proposed and not accepted.

MOTION by defendant in error to quash bill of excep-
tions. *Overruled.*

*W. W. Morsman*, for the motion.

*E. Wakeley* and *Montgomery & Hall, contra.*

HARRISON, C. J.

In this action a motion to quash the bill of exceptions
has been presented and the questions raised thereby sub-
mitted for decision. The record discloses that at the

time the motion for a new trial was overruled the court allowed forty days for the preparation and service of a bill of exceptions; that a motion was made that additional time be granted for the preparation of the bill of exceptions, and on hearing the motion was sustained and forty days additional time was allowed and an order entered to such effect. The bill was prepared and presented to counsel for defendant in error, who returned it to the counsel for plaintiff in error with the following objections to its allowance indorsed thereon: "The defendant in the above entitled cause now objects to the signing of the bill of exceptions proposed by the plaintiff, and to which these objections are attached, for the following reasons: "The proposed bill of exceptions was not served upon the defendant's counsel within the time required by law; that is to say, the court allowed, at the time of entering judgment, forty days from the adjournment of court in which to serve the bill of exceptions, which period of forty days expired on the 24th day of February, 1898. On the 21st day of February, 1898, the plaintiff made application to the judge of the court who tried the case for the enlargement of the time in which to serve his bill of exceptions, and said judge made an order enlarging the time forty days; but this application and order were made without notice to defendant, and in the absence of defendant, who had no knowledge of the application or of the order, all in violation of rules 6, 7, 8, and 9 of this court, for which reason defendant avers the order of the judge enlarging the time as aforesaid is void." It was then presented to the trial judge, who settled and allowed it.

It is contended that the bill of exceptions was not served on the defendant in error within the time allowed by the court, and this is based upon the proposition that the order of the judge for the extension of the time was void for the reason that no notice of the motion was given the opposite party; hence the judge had no jurisdiction of the matter. The governable section of the

statute is 311 (Code of Civil Procedure), and it is as fol-
lows: "When the decision is not entered on the record or
the grounds of objection do not sufficiently appear in the
entry, the party excepting must reduce his exceptions to
writing within fifteen (15) days, or in such time as the
court may direct, not exceeding forty (40) days from the
adjournment *sine die* of the term of court at which judg-
ment is rendered or at which the motion for a new trial
is ruled on, and submit the same to the adverse party or
his attorney of record for examination and amendment
if desired.   Such draft must contain all the exceptions
taken upon which the party relies.   Within ten days
after such submission the adverse party may propose
amendments thereto and shall return said bill with his
proposed amendments to the other party, or his attorney
of record.   The bill and proposed amendments must,
within ten days thereafter, be presented by the party
seeking the settlement of the bill to the judge who heard
or tried the case, upon five (5) days' notice to the adverse
party, or his attorney of record, at which the judge shall
settle the bill of exceptions.   If no amendments are pro-
posed, or if proposed and allowed, the proposed bill may
be presented with the amendments, if any, to the judge
for settlement without notice to the adverse party or his
attorney of record.   When settled, the bill must be
signed by the judge, with his certificate to the effect that
the same is allowed.   In case of the death of the judge or
when it is shown by affidavit that the judge is prevented
by sickness, or absence from his district, as well as in
cases where the parties interested shall agree upon the
bill of exceptions (and shall have attached a written
stipulation to that effect to the bill), it shall be the duty
of the clerk to settle and sign the bill in the same manner
as the judge is by this act required to do; and shall
thereupon be filed with the papers in the case, and have
the same force and effect as though signed by the court.
In cases where a party seeking to obtain the allowance
of a bill of exceptions has used due diligence in that be-

half, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties. *Provided,* That any person or officer, or the presiding officer of any board or tribunal before whom any proceeding may be had, shall, on request of any party thereto, settle, sign, and allow a bill of exceptions of all the evidence offered or given on the hearing of such proceeding. *Provided further,* This act shall apply to all cases now pending or hereafter brought." It has been stated by this court that notice of an application for extension of time is not necessary to confer jurisdiction. (*McDonald v. McAllister,* 32 Neb. 514; *First Nat. Bank of Denver v. Lowrey,* 36 Neb. 290.) It was stated by MAXWELL, J., in the opinion in *Greenwood v. Cobbey,* 24 Neb. 648: "The words, 'it shall be competent for the judge who tried the cause, on due showing of diligence and not otherwise, to extend the time herein allowed,' etc., were designed to confer power upon the judge, when sufficient reasons appeared to satisfy him that the party had used due diligence, to extend the time in which the bill may be prepared. The stenographer is a member of the judge's own court, employed there to reduce the oral proceedings to writing, and the judge may know as a fact that such stenographer has been too busily engaged to prepare the bill, or other facts may be within his own knowledge sufficient to convince him that the party seeking the preparation of the bill has used due diligence. This evidence need not be in the form of an affidavit, deposition, or in writing. It is addressed to the judge, and without a gross abuse of discretion is not subject to review. * * * This ruling would seem to be applicable in this case. This court will not review the grounds upon which a judge may have granted additional time as provided by the statute in which to prepare a bill of exceptions."

No notice is required by the governing section of the Code of Civil Procedure. (See quotation therefrom herein.) The presentation is to the judge as contradistinguished from the court. The hearing provided for is in all features an *ex parte* one. But it is further contended that there were rules of the district court wherein the proceedings in this cause were had which made it necessary that a notice to adverse parties of all motions in an action be given, and these rules must be held applicable to the motion for an extension of time for preparation of a bill of exceptions. To this, if it be conceded for the sake of argument that the rules of the district court might be applicable, it must be said that the judge who granted the extension of time evidently construed the rules as not requiring a notice of the motion therefor, and they were open to a construction. They were not absolute, and it was not entirely certain that they applied to a motion in such proceedings, and his interpretation of them must be recognized and prevail. (*Gannon v. Fritz,* 79 Pa. St. 303.) It is further argued in this connection that section 899 of the Code of Civil Procedure, which is as follows: "The judges of the supreme court shall, during the month of the first January after this Code shall take effect, and every two years thereafter, meet at the capitol of the state, and revise their general rules, and make such amendments thereto as may be necessary to carry into effect the provisions of this Code; and they shall make such further rules consistent therewith as they may deem proper. The rules so made shall apply to the supreme court and the district courts," coupled with the rule of this court that "Every application for an order in any case shall be in writing, and, except as to motions for rehearing, shall be granted only upon the filing thereof at least two days before the hearing, and due proof of service of notice on the adverse party or his attorneys, at least three days before the hearing, which in all cases must be fixed for one of the session days provided for by rule 1,"—made it obligatory that a notice

be served; that the section of said Code made the rule of this court applicable to the proceedings in the district court or before the judge.

It might be said here that the language of section 899 makes the rules applicable to "district courts" and not to judges, and that there is an almost universally recognized difference or distinction between duties to be performed by a judge and such as are made incumbent upon a court, and that the language of the section which made rules prescribed by this court applicable to the district courts referred to the·duties and proceedings of and in the courts and not of and before the judges in the performance of duties as judges and not as courts. Section 899 of the Code of Civil Procedure was in force when the judges of the supreme court were also the judges of the district court, and was no doubt enacted with that fact and condition in view and was wholly consonant therewith, both in terms and spirit; but when a change, which was by a constitution, was made and the supreme and district courts were no longer presided over by the same judges and different conditions prevailed, the' portion of the section of the Code of Civil Procedure which made the rules of this court the rules for the district courts lost its force and became wholly inapplicable. That this resulted has not been openly expressed by this court, but is shown by the course which has been pursued in the adoption of rules which, while in their substance thoroughly applicable to methods of procedure in this court in many provisions and directions, could have no possible application to matters in the district courts. We are satisfied that the rules of this court are not necessarily to be followed by or in district courts, or in matters before the judges thereof in which the latter are empowered by statute to act out of term time.

It is further urged that there should have been notice to defendant in error of the presentment of the bill of exceptions to the judge for settlement and allowance, and inasmuch as there was not, the bill should be

quashed.    A reference to section 311 of the Code of Civil Procedure, which we have set forth herein, will disclose that the lawmakers provided that if no amendments are proposed to the bill, or if proposed. and allowed, the bill may be presented for allowance without notice to the adverse party or his attorney.    The legislators, in the passage of the law, had the subject of notice of the presentment of the bill for allowance in contemplation and made specific provision in regard to it, and it is not for .the courts, by rule or construction, to attempt to alter or amend their work, but to administer it as enacted. There being no amendments to the bill proposed, no notice of its presentment for allowance was necessary. (*Brownell v. Fuller*, 54 Neb. 586; *McDonald v. McAllister*, 32 Neb. 516.)

MOTION OVERRULED.