## CASTEEL v. STATE.

APPEAL AND ERROR — STATUTES — MANDATORY STATUTES — MOTION
FOR NEW TRIAL — EXTENSION OF TIME FOR FILING — PRESUMP-
TIONS AS TO CORRECTNESS OF JUDGMENT.

1.  Nothing which could have been properly assigned as a
    ground for new trial in the court below will be considered
    by the supreme court, unless it shall appear that the same was
    properly presented to the court below by a motion for a new
    trial.

2.  The statute fixing the time within which a motion for a new
    trial may be filed is mandatory.

3.  Where a party has suffered the time allowed by statute to
    elapse without filing his motion for new trial, and without
    any application to the court for additional time, the right is
    lost; and it is not in the power of the district court or of the
    supreme court to restore it.

4.  The court has no power to permit a party to file a motion for
    new trial as a matter of right after the time therefor fixed by
    statute has elapsed.  The question whether the court could
    under its general powers, set aside a verdict upon a motion
    filed, after time has expired, or upon its own motion, not aris-
    ing in the case is not decided.

5.  The attention of the supreme court may be called to the fact
    that the errors complained of were not properly presented to
    the lower court by motion for new trial at any stage of the
    proceedings.

6.  A motion for new trial having been filed out of time, and no
    specific reason appearing in the record for the overruling
    thereof, it cannot be assumed that no objection to the motion
    was made on the ground that it was filed too late; but on the
    contrary, it must be presumed that the court denied it for
    that reason, under the general presumption in favor of the
    correctness of the decisions of the lower court.

[Decided October 1, 1900.]

ERROR to the District Court, Carbon County, HON.
DAVID H. CRAIG, Judge.

The plaintiff in error, Robert Casteel, was charged

with murder in the second degree for the killing of one
Nels Thorn.   He was convicted of manslaughter.   The
defendant, on his trial, offered to prove uncommunicated
threats of the deceased against him, but the court refused
to admit the testimony.   Some of the instructions were
also objected to.   The defendant after making a motion
for new trial which was overruled, prosecuted error.
The case was submitted, and the State sought to substitute
for the original record showing the presentation of the
motion for new trial, an amendment of the record to show
that no time had been given for filing the motion beyond
the time fixed by statute, it appearing that the motion
had been filed after the expiration of the three days pro-
vided by the statute, in the absence of an extension of
time for good cause shown.   The attempt to amend the
record was contested.   The character of the original
record and the amendment offered is set forth in the
opinion; and the other facts entering into the considera-
tion of the case as decided are there fully stated.

*Chatterton* and *Fishback*, for plaintiff in error.

Some testimony having been introduced to show an
apparently hostile movement of the deceased before the
shooting occurred, the defendant had the right to offer
evidence of uncommunicated threats against him made by
deceased shortly anterior to the shooting, to show the
attitude of the deceased at the time of the killing.
(Davidson v. People, 4 Colo., 145; Babcock v. People, 13
*id.*, 522; Wiggins v. People, 3 Otto., 467; Stokes v.
People, 53 N. Y., 174; State v. Collins, 32 Ia., 38;
Campbell v. People, 16 Ill., 18; Hopkins v. People, 18
*id.*, 264; Holler v. State, 37 Ind., 57; People v. Scrog-
gins, 37 Cal., 676; State v. Graham, 51 Ia., 72; Hart v.
Com., 7 Am. St., 576; 1 Whart. Cr. L., 642; Sparks
v. Com., 89 Ky., 644; Levy v. State, 28 Tex. App.,
203; State v. Alexander, 66 Mo., 148; State v. Lee, *id.*,
165; Roberts v. State, 68 Ala., 156; Little v. State, 6
Baxt., 493; Potter v. State, 85 Tenn., 88; State v.

Bailey, 94 Mo., 311; Cornelius v. Com., 15 B. Mon., 539; State v. Turpin, 24 Am. R., 455.)    Mere words cannot justify an assault, much less an assault with a deadly weapon; therefore, the provocation to have justified the deceased in drawing a loaded revolver must have amounted to an assault on the deceased requiring the use of such a weapon.    The court should not give undue prominence to any phase of fact which the testimony tends to establish.    (Durett v. State, 62 Ala., 441; State v. Holms, 57 Am. Dec., 269; State v. Ward, 19 Nev., 297.)

The case having been submitted, it is too late to suggest a diminution of the record.    (State v. Brown, 119 Mo., 527; Sterling v. Newstadt, 50 Ill., App., 378; Purvis v. Standifer, 14 id., 435; Haas v. R. R. Co., 81 Ga., 795; Boyer v. Boyer, 4 Wash., 80 ; McMickle v. Bank, 4 Tex. Civ. App., 210; Johnson v. Couillard, 86 Mass., 446.)

A record cannot be amended after the term, unless there be something to amend by, such as a minute or memorandum, made at the term of the original record, or where the record itself shows facts which would authorize amendment.    (Frew v. Danforth, 126 Ill., 442; Breene v. Booth, 6 Colo. App., 140; Gillette v. Boothe, 98 Ill., 183; In re Barnes, 27 Ill. App., 151; Waldo v. Spencer, 4 Conn., 71; Branger v. Chevalier, 9 Cal., 333; Barnes v. Com. 92 Va., 794; State. v. Prim, 61 Mo., 166; Schoonover v. Reid, 65 Ind., 313; Boyd v. Blaisdell, 15 id., 173; Smith v. Brannan, 13 Cal., 107.)    It is not the office of a *nunc pro tunc* order to introduce new facts. (Nabeers v. Meredith, 67 Ala., 333; Cleveland L. P. Co. v. Green, 52 O. St., 740; Gillette v. Bank, 56 Mo., 304; Cox v. Cross, 51 Ark., 224; Ferrell v. Hales, 119 N. C., 199; Conley v. Blake, 5 Wyo., 107.)

*J. A. Van Orsdel*, attorney-general, for the State.

There is great conflict of authority concerning the admissibility of uncommunicated threats.    It has been held

that to be admissible, threats must have been communicated to the accused. (People v. Arnold, 15 Cal., 476; Powell v. State, 19 Ala., 577; Edgar v. State, 43 *id.*, 48; Burns v. State, 49 *id.*, 370; Rogers v. State, 62 *id.*, 170; State v. Jackson, 17 Mo., 544.) Also that uncommunicated threats are not admissible where it is shown that at the time of the homicide, the deceased acted in self-defense. (Lingo v. State, 29 Ga., 470.) Also that they are immaterial, as they cannot influence the defendant. (State v. Malloy, 44 Ia., 104; State v. McCoy, 29 La. Ann., 593; State v. McGregor, 21 *id.*, 473.) That newly discovered evidence of uncommunicated threats will not authorize a new trial. (Peterson v. State, 50 Ga., 142; Carr v. State, 14 *id.*, 358.) Where there is question as to who began the affray, at the time of the commission of the homicide, there can be found respectable authority for the admission of uncommunicated threats. In this case there being no question of that kind, the evidence of every eyewitness showing that the defendant began it, no authority will, under such a state of facts, hold that the refusal to admit uncommunicated threats is error. The necessity for the use of a deadly weapon by a defendant must not have been created by his own fault or culpability. (Farris v. Com., 14 Bush., 362; State v. Carr, 38 Mo., 270; Haynes v. State, 17 Ga., 465; Roach v. People, 77 Ill., 25; Shorter v. People, 2 N. Y., 193; Logue v. Com., 38 Pa., 265; State v. Smith, 10 Nev., 106; State v. Underwood, 57 Mo., 40; State v. Stanley, 33 Ia., 526; Isaac v. State, 25 Tex., 174.)

A trial court is authorized to correct its record at a subsequent term, by a *nunc pro tunc* order setting forth the exact facts as they occurred. (*In re.* Weight, 134 U. S., 136; Benedict v. State, 44 O. St., 679; Ins. Co. v. Boone, 95 U. S., 117. Mitchell v. Lincoln, 78 Ind., 531.)

Where something was done but not entered, there must be some memorial paper or other minute of the transac-

tion from which what took place can be clearly ascertained. (Makepeace v. Lukens, 37 Ind., 435; Perkins v. Hayward, 132 *id.*, 92.) To correct a clerical error, any evidence is competent. (Brownlee v. Grant Co., 100 Ind., 401.) Other authorities hold that the fact and terms of a record may be found upon any evidence clearly establishing the same. (134 U. S., 136; Jacks v. Adamson, 56 O. St., 397; Bobo v. State, 40 Ark., 224; Kaufman v. Shayne, 111 Cal., 16; Breene v. Booth, 6 Col. App., 140; Weed v. Weed, 25 Conn., 337; Attaway v. Carswell, 89 Ga., 343; Limerick, Pet'r, 18 Me., 183; Hugg v. Parker, 7 Gray, 173; Sch. Dist. v. Bishop, 46 Neb., 850; Davis v. Sawyer, 66 N. H., 34.) If a motion for new trial is not filed in the time fixed by statute, and no good cause is shown for the delay, the motion is properly overruled. McKinney v. State, 3 Wyo., 722; Bulliner v. People, 59 Ill., 394; Evansville v. Martin, 103 Ind., 206; Kent v. Lawson, 12 *id.*, 675; Bradshaw v. State, 19 Neb., 644; *Ex parte* Holmes, 21 *id.*, 324; Osborn v. Hamilton, 29 Kan., 1; Hover v. Tanney, 27 *id.*, 132; Lucas v. Sturr, 21 *id.*, 480; Nesbit v. Hines, 17 *id.*, 316; Bartlett v. Feeney, 11 *id.*, 593; Odell v. Sargent, 3 *id.*, 80.)

CORN, JUSTICE.

Upon a trial before a jury in the district court the plaintiff in error was found guilty of the crime of manslaughter, the verdict being returned upon the 26th day of May, 1899. Of the date of June 2d following, the transcript shows the following entry: "Comes now the above-named defendant in person and accompanied by his attorney, and also comes the State of Wyoming by the county and prosecuting attorney, and now the said defendant by his counsel asks leave of court to file his motion for a new trial herein, which permission is granted by the court, and the motion is accordingly filed." Upon the next day the motion was heard and denied generally, no rea-

sons being specified in the order. A bill of exceptions was signed, and the case brought to this court. It was argued here and submitted on the merits. Subsequently, on the 24th day of May, 1900, and prior to any decision in this court, the District Court made an order which, after reciting that the former order did not set forth the facts occurring on that date, is as follows: "It is therefore ordered that the said entry herein entered on the said 2d day of June, 1899, be and the same is corrected and amended so as to read as follows: 'Comes now the above-named defendant by his counsel and files his motion for a new trial herein.' And it is therefore ordered that the said entry be made as of the said 2d day of June, 1899." The above correction was certified to this court, and, upon the record as amended, the Attorney General moves to dismiss the proceedings in error upon the ground that the motion for a new trial was not filed within the time required by the statute. The plaintiff in error, upon the other hand, moves this court to strike the amended record from the files, for the reason that a suggestion of a diminution of the record comes too late after the cause is submitted, and for the further reason that a record cannot be amended after the term at which it was made up, unless there be something to amend by, such as a minute or memorandum made at the time the original record was made, or where the record itself shows facts which would authorize the amendment.

The criminal code, Rev. Stat., Sec. 5416, provides: "An application for a new trial shall be by motion upon written grounds, which shall be filed at the time the verdict is rendered, and except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be filed within three days after the verdict was rendered, unless additional time be granted by the court upon good cause shown."

Under the circumstances of this case we deem it unnecessary to decide whether it was competent for the court to

amend the record as was attempted to be done after the term. It is the law of this State that nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial. Seibel v. Bath, 5 Wyo., 409. And all the alleged errors in this case, are such as should have been assigned as grounds for a new trial. The statute requires that the motion shall be filed within three days after the verdict was rendered. This court has no power or authority to disregard or set aside this provision. It is mandatory and binding upon us, and no authority is lodged in this court to change or modify its requirements. The exceptions to its operation are clearly set out in the statute itself, and ample provision is also made for obtaining additional time in cases where a proper showing is made to bring to the knowledge of the district court that additional time is necessary. Where a defendant has suffered the time to elapse without filing his motion and without any application to the court for additional time, his right is lost, and it is not in the power of this court or the district court to restore it in the face of the statute.

By the original record in this case, and leaving entirely out of consideration the attempted amendment, it does not appear that there was any compliance with the requirements of the statute, but upon the contrary it does appear with reasonable certainty that there was an entire failure upon the part of the defendant to bring himself within its provisions. Not only does it fail to appear that there was any good cause shown for the granting of additional time, but there is no intimation in the record that there was any application or request for additional time. The utmost that can be inferred from the record is that after the expiration of the time, and when the defendant's right was barred by the statute, application was made to the court to permit the filing of the motion in disregard and violation of the statute. This the court had no power to do. The

18

right of the defendant was lost by operation of law, and the court had no power to restore it.

The purpose of a motion for a new trial is twofold: first to obtain a re-examination of the questions by the district court, and to give that court an opportunity to correct its own errors; and second, to lay the basis for an appeal to this court. Whether the District Court, under its general power to revise its own orders during the term, may set aside a verdict upon a motion filed after the expiration of the time allowed, or upon its own motion, is a question which we do not decide, as it does not arise in this case; but that it cannot give to the defendant a standing in this court by permitting the defendant to file his motion out of time is, we think, perfectly clear. And it makes no difference at what stage of the proceedings in error the attention of this court is called to the fact that such alleged errors were not properly presented to the court below by a motion for a new trial. That step being essential to the exercise of the powers of this court, whenever it appears that the errors complained of were not presented to the lower court in the manner required by statute, this court must refuse to consider them.

While the decisions are not uniform upon the questions involved, we think the great weight of authority sustains the view we have taken. In Missouri it is held that "when a party sleeps upon his rights until the time allowed him by law to make a motion for a new trial expires, he can no longer claim to make the motion as a matter of right; but he may afterward suggest to the court that substantial justice has not been done him, and the court may look into the matter or not. If they refuse to grant the party a new trial, no error will lie, because no law authorized him to make the motion after the four days expired." Williams v. Court, 5 Mo., 248; Richmond v. Wardlow, 36 Mo., 313. And the Nebraska court takes the same view. Fox v. Meacham, 6 Neb., 532. In California the statute provided that the time

allowed by the code might be extended upon good cause shown by the court in which the action was pending, or a judge thereof. The court in that State held that as the right to move for a new trial is statutory, it must be pursued in the manner pointed out by the statute; and that after the time fixed by statute has expired, the courts have no jurisdiction to extend or revive such right. Burton v. Todd, 68 Cal., 489; Thompson v. Lynch, 43 *id.*, 482; Clard v. Crane, 57 *id.*, 629. And the Nevada court has decided the question in the same way. Killip v. Mill Co., 2 Nev., 34. In Michigan the statute provided that the court in which the trial of any indictment might be had, might at the same term or at the next term thereafter, grant a new trial. Upon conviction of a felony, time was given in which to move for a new trial, and this time was subsequently extended beyond the period provided by the statute. Within such subsequent extension the motion was filed and an order entered granting a new trial. The court say that new trials are purely statutory and courts have no right to annul the statute; that the order was without the jurisdiction of the court, and void.

And statutes which provide for steps in the court below other than the motion for a new trial but essential to the exercise of the right to institute proceedings in error, receive a similar construction.

In Arkansas the statute provided that in appeals in misdemeanor cases, the record must be lodged in the appellate court within sixty days after the judgment. In a case in which it was not filed within the time an affidavit of due diligence was presented which the attorney general admitted to be sufficient, and he consented that the transcript might be filed, provided he had the power or right to waive the time of filing. The court held that the right of appeal must be exercised under such restrictions as the Legislature may see proper to impose, and that the appeal must be dismissed. Smith v. State, 48 Ark., 148. And a like statute was construed in the

same way in Kentucky. Com. v. McCready, 2 Met., 376. An act of Congress directed that notice of an intention to appeal should be filed within six months and on failure to file such notice, the appeal should be regarded as dismissed. The appellant proved to the satisfaction of the lower court that the omission to file the notice was due to the sickness of counsel and wholly accidental, and the court allowed the motion and ordered the notice to be filed *nunc pro tunc*. But upon a hearing the District Court dismissed the appeal upon the ground that its own order was void. Upon an appeal to the Supreme Court it was held that the statute was mandatory and that the appeal was properly dismissed. Yturbide v. U. S., 22 Howard ( U. S.), 290. In California the statute limited the period in which an appeal could be taken to 90 days. The case had been heard in the Supreme Court and the judgment reversed. Upon a motion for a rehearing it. was brought to the attention of the court that the appeal had not been taken within the time limited. The rehearing was granted upon the ground that the Supreme Court had no jurisdiction of the case. Dooling v. Moore, 20 Cal., 142. The principles which govern are the same as in the case before us.

The position that the failure of the record to show that the State objected to the consideration of the motion upon the specific ground that it was filed out of time, operates as a waiver and that the motion at this time comes too late, is not tenable. To say nothing of the possible right of the court below to allow the motion in furtherance of justice, though filed out of time, a point which we do not decide, there is no more convenient method of having a motion disposed of than to ask that it be heard and allowed or denied as under all the circumstances may seem legal and proper. The motion in this case having been submitted and overruled, and no specific reason for the decision appearing in the record, we cannot assume that no objection to the allowance of the motion was made upon the ground that it was filed

too late.   But upon the contrary under the general presumption in favor of the correctness of the decisions of the lower court, we must presume that the court denied it for that reason.   Bank v. Bennett, 138 Mo., 501. Even if we grant, therefore, that the State could give this court jurisdiction by the waiver of objection on account of failure to file the motion in time, there was no waiver in this case.   It may be proper to add in this connection that the counsel appearing for the plaintiff in error in this court do not appear from the record as representing the defendant in the court below.

The motion to dismiss the proceedings in error must be sustained.   Petition in error dismissed.

*Dismissed.*

POTTER, C. J., and KNIGHT, J., concur.

