WILLIAM C. F. SCHALLEHN v. MARIA H. HIBBARD.

No. 12,616.   (66 Pac. 241.)

SYLLABUS BY THE COURT.

1. CASE-MADE—*Presumption of Law.* Where the record is silent, all reasonable presumptions must be indulged in to uphold the judgment of a trial court.

2. MOTION FOR NEW TRIAL—*Presumption of Law.* The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same is rendered, may be excused by a showing that the party was unavoidably prevented from so doing; and where the trial court has taken up and considered such a motion, the record not showing affirmatively the reason for so doing, it will be presumed that sufficient excuse was shown upon the hearing why it was not filed within the time required by statute.

3. NOTE AND MORTGAGE—*Proof of Delivery.* The finding of a note and mortgage in the hands of the payee thereof is sufficient evidence, in the absence of any contrary showing, to warrant the conclusion of the court that the same had been delivered to the payee by the maker thereof.

4. —— *Execution Denied—Finding Sufficient.* A finding of a trial court that a note and mortgage, on which the action was founded and which were found in the possession of the plaintiff, were "identified," is sufficient on which to base thereon a judgment where the execution of such note and mortgage had been denied by the defendant under oath.

Error from Kearny district court; A. J. ABBOTT, judge. Original opinion filed October 5, 1901. Affirmed. Opinion on rehearing filed March 8, 1902. Reaffirmed.

*Milton Brown*, for plaintiff in error.

*Waggener, Horton & Orr, G. L. Miller, B. F. Stocks,* and *Paul F. Coste,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action upon a note given by plaintiff in error to the defendant in error and to foreclose a mortgage on real estate securing the

same. The petition was in the ordinary form. The answer, which was verified, denied specifically that the note and mortgage sued on were ever executed or delivered by the plaintiff in error. Trial was had on the issues joined on the 22d day of November, 1892, and a judgment was rendered in favor of the defendant therein for his costs. On the evening of that day the court adjourned until its next term. A motion to set aside the verdict and for a new trial, alleging several grounds, was filed by the plaintiff below on November 23, and this motion was taken up and passed on on the 5th day of July, 1893, over the objection of the defendant in error that the court had no jurisdiction to hear the motion for a new trial because the same was not filed in time. The court, however, proceeded to hear the motion and allowed it, and thereafter took up the case for trial on its merits. Upon this trial plaintiff "identified and offered in evidence, and the court tried said case upon, the note and mortgage referred to in said petition, and there was no further evidence introduced or offered, and the court found for said plaintiff and rendered judgment for her upon the findings."

From this judgment plaintiff in error brings the case to this court, and alleges as his two principal grounds of complaint that the court had no jurisdiction to grant a new trial at the time it did, upon the motion filed therein out of time, and because the evidence as above indicated was not sufficient to warrant a judgment for the plaintiff under the issues formed by the pleadings.

Section 4756 of the General Statutes of 1901 provides that an application for a new trial must be made at the term the verdict, report or decision is rendered and within three days thereafter, unless unavoidably prevented. In this case the record shows that, although the motion for a new trial was not filed until

after the adjournment of the term at which the verdict was given and the judgment rendered, yet the court took it up and granted it. This the court might do if the party filing the motion out of time was unavoidably prevented from filing within the time. The failure to file within three days and within the term is not inexcusable. If a party is prevented from so doing by unavoidable circumstances, his motion may be heard. The court must determine whether such circumstances exist.

In this case the record is silent upon the question as to whether there was sufficient excuse for not filing the motion within the term. Nothing whatever is said upon the subject, but all presumptions that are warranted by the record must be indulged in to support the correctness of the ruling of the court, and, so far as the record shows, abundant proof may have been introduced to show that the party was unavoidably prevented from filing his motion for a new trial within the term. We cannot presume error. If this evidence was not before the court, the record ought to have shown its absence in order to show error. It must be remembered that this case is one where a new trial was granted, and not one where it was refused. In a number of cases this court has decided that a trial court is justified in refusing a new trial where the motion therefor was not filed within the time prescribed by the section which we have cited, but in this case a new trial was awarded, although the motion was filed out of time. Mere filing of the motion out of time does not necessarily show that the court might not consider it, and from the fact that the court did consider it, the record being silent, we must presume that the motion fell within the exceptions created by the statute itself, and that the facts

showing such to be the case were proved to the satisfaction of the trial court.

It may be suggested that the cited section absolutely requires the filing of the motion within the term, and that the excuse of being unavoidably prevented applies only to the requirement to file within three days. There is some plausibility in such a contention, but we prefer to hold that the excuse goes to both requirements, and, if unavoidably prevented from filing his motion for a new trial within the term at which the verdict or decision is rendered, still a party may have his motion heard. Such construction seems to us fair and just. It is the policy of the law to give litigants abundant opportunity to present their grievances to the court, and there is no reason to think that the legislature would wish to help out one who through unavoidable circumstances had been prevented from filing his motion within three days, and not one who through the same circumstances had been prevented from filing within the term. In this case the court adjourned on the same day on which the verdict and judgment were rendered.

After a full consideration, we hold that the party may be excused from filing his motion for a new trial at the term at which the verdict or decision was rendered, by a showing of the same unavoidable casualty as would excuse him from filing such motion within three days after the rendition of such verdict or decision.

It is strenuously urged that the evidence introduced by the plaintiff was not sufficent to warrant a judgment in her favor. The defendant denied under oath the execution and delivery of the note and mortgage. The record shows that these were produced by the plaintiff. The fact that they were in the possession

of the plaintiff, in the absence of any contradictory proof, will warrant the conclusion that they were duly delivered. The record further shows that they were "identified." Of what this identification consisted is n^t shown. To identify is "to prove to be absolutely the same," and it is no stretch of the ordinary use of language to hold that this term indicates a proof of the signature to these papers, especially so when the trial court acted upon the proof offered and rendered judgment for the plaintiff upon the note and mortgage.

Some other matters are urged in the brief of the plaintiff in error. We have given careful consideration to them and find no reversible error in the record.

The judgment of the district court will be affirmed.

DOSTER, C. J., POLLOCK, J., concurring.


OPINION ON REHEARING.

The opinion of the court was delivered by

GREENE, J.: The original opinion in this case was handed down October 5, 1901.' A rehearing was granted, principally on the ground that there appeared to be something of a conflict in the former decisions of this court upon the proper construction of section 308 of the civil code (Gen. Stat. 1901, § 4756), relating to the time when the application for a new trial could be filed. It was thought to be a matter of so much importance to the profession as to make it worthy of positive and final settlement.

The question is, May the failure to file a motion for a new trial within the term at which the verdict, report or decision is rendered be excused by showing that the delay was unavoidable? The case of *Mercer v. Ringer*, 40 Kan. 189, 19 Pac. 670, is cited as showing that it cannot, while the case of *Fudge v. St. L. & S.*

*F. Rly. Co.*, 31 id. 146, 1 Pac. 141, is cited to sustain the opposite contention. We do not think the case of *Mercer v. Ringer*, supra, in point. It makes no reference to *Fudge v. St. L. & S. F. Rly. Co.*, supra, and does not pretend to criticize or overrule it. This last case clearly holds that a failure to file the motion within the term can be excused by unavoidable casualty, as well as a failure to file it within three days. It would seem to be right that it should be so. That construction, being a fair one from the language of the section, must be indulged in to accomplish the right result.

It is urged, however, that the right to grant a new trial must affirmatively appear, such right being in a sense jurisdictional, and that this court cannot say that this exceptional power to grant a new trial existed unless the facts on which it depended affirmatively appear in the record. Admitting that certain facts must appear to the trial court in order to give it jurisdiction to grant a new trial, the statute nowhere requires that such facts must be made to appear by a writing or be brought into the record. The judge passing upon such a motion may know, of his own knowledge, that the party applying was unavoidably prevented from filing his motion within the term. In this case the court adjourned for the term the same day the decision was rendered, and, from aught that is shown, it may have been at once and under circumstances known to the court which rendered it impossible to file the motion before such adjournment. From this knowledge the court may have had abundant reason for granting such new trial, and, as said in the original opinion, we are obliged to indulge in all reasonable and lawful presumptions, that we may uphold the action of the court below. The court was

not required to put into the record the reasons for its action.

All of the other contentions of plaintiff in error received due consideration when the case was heard before, and we do not feel called upon again to refer to them.

The former judgment of this court and the judgment of the court below will be affirmed.

SMITH, CUNNINGHAM, JJ., concurring.