## BLONDE v. MERRIAM, ET AL.
### (No. 735.)

Appeal and Error—Necessity of Motion for New Trial—New Trial—Time for Filing Motion—Extension of Time.

1. Where no ground for reversal is suggested that could not have been properly assigned as ground for new trial, a motion for new trial, the overruling thereof, and an exception thereto, is necessary to a consideration of the questions involved.

2. A motion for a new trial is not a pleading under the provisions of the code, and therefore the provision for extending the time to file a pleading does not apply to such a motion.

3. Under the statute requiring an application for new trial to be made within ten days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time, and except for the cause of newly discovered material evidence which could not, with reasonable diligence, have been discovered and produced at the trial, an order purporting to extend the time beyond the ten-day period is ineffectual, where newly discovered evidence is not alleged, and where no showing was made that the party would be or had been unavoidably prevented from filing his motion within such prescribed period; and it appearing that the order was made without such a showing upon an *ex parte* application, without notice to or consent of the opposing party or his counsel, a motion filed after the ten-day period, but within the time as so extended, was properly stricken from the files.

[Decided July 19, 1913.]                    (133 Pac. 1076.)

Error to the District Court, Fremont County, Hon. Charles E. Carpenter, Judge.

The material facts are stated in the opinion.

*V. H. Stone* and *L. E. Winslow,* for plaintiff in error.

The striking of the motion for a new trial from the files was equivalent to overruling and denying the same, so that if the order striking the motion was error the court may here consider the questions presented by said motion, under the assignments of error. Since the decision of Kent v. Upton, 3 Wyo. 43, holding that the time for filing motion for new trial cannot be extended upon an *ex parte* applica-

tion without a showing that the party was unavoidably prevented from filing the same within the period then fixed by statute therefor, there has been a material change in the consideration of technical rules of practice not affecting the substantial rights of the parties, and a change has also occurred in the statute with reference to the right of the court to extend the time for filing pleadings. (Comp. Stat. 1910, Sec. 4418.) This change in the statute has the effect of enlarging the power of the court to extend the time. (Todd v. Peterson, 13 Wyo. 513; Casteel v. State, 9 Wyo. 267.) If additional time may not be had upon an *ex parte* showing the provision of the statute is of little practical value, since ordinarily when it appears necessary to apply for an extension of time there will not remain sufficient time before the lapse of the statutory period within which to make a full showing and give notice of the application to the adverse party. In California the general statute for extending time for filing pleadings is held to apply to motions for a new trial. (Simpson v. Budd, 91 Cal. 488; Burton v. Todd, 68 Cal. 485; Harper v. Minor, 27 Cal. 113; see also Bailey v. Drake, 12 Wash. 99.) Again, by Section 4438, Comp. Stat. 1910, it is required that in every action the court shall disregard any error or defect in the pleadings or proceedings not affecting the substantial rights of the adverse party. In the furtherance of justice it would seem that the plaintiff in error was entitled to a hearing and determination of its motion upon its merits; it having been filed within the time granted by the court, and the order extending the time not affecting the substantial rights of the adverse parties.

(It was further contended that the evidence and record disclosed error requiring a reversal of the judgment.)

*W. E. Hardin* and *P. B. Coolidge,* for defendants in error.

The provision of the statute governing motions for new trial in criminal cases is materially different from that providing for the filing of such motions in civil cases. In criminal cases the court is vested with some discretion in the matter, and for good cause shown may grant additional time.

(Comp. Stat. 1910, Sec. 6287.) A motion for new trial is not a pleading and therefore the statutory provision for extending the time for filing the pleadings is not applicable. (McDermitt v. Halleck, 65 Kan. 403, 69 Pac. 335.) The cases of Kent v. Upton, 3 Wyo. 43, and McLaughlin v. Upton, 3 Wyo. 48, referred to with approval in Todd v. Peterson, 13 Wyo. 513, are decisive of this case upon the question presented by the order striking the motion for new trial from the files. The statute in force at the time of those decisions is identical in all material respects with the present statute. There is no injustice in the statute prescribing the time for filing a motion for new trial, or in the construction thereof by the decisions in the cases cited. Before verdict or final judgment the statute is very liberal in allowing amendments to pleadings, and assisting litigants in arriving at and having determined the true issues involved; after verdict or final judgment it has been deemed wise by the legislature to eliminate all dilatory and uncertain tactics, and requiring of litigants seeking to set aside a verdict or final judgment a definite and exacting mode of procedure.

POTTER, JUSTICE.

The plaintiff in error, Charles E. Blonde, was the defendant in the District Court. It appears that a partnership had existed between him and the plaintiffs below, Edward Merriam and William Madden, and that the same had terminated, and the action was brought for an accounting and to recover the amount which might be found to be due the plaintiffs from the defendant, the petition alleging a stated amount to be due. Upon the evidence, which was taken before a special master commissioner, and reported to the court with the commissioner's findings, the defendant was found by the court to be indebted to the plaintiffs, and judgment was rendered for the amount so found to be due. This proceeding in error is brought to reverse that judgment. No ground for reversal is here suggested that could not have been properly assigned as ground for new trial, and, therefore, under the rule and decisions of this court the filing of

a motion for new trial, the overruling thereof, and an exception thereto, would be necessary to a consideration of the questions involved. A motion for new trial was filed by the defendant, but the court ordered it stricken from the files, on the motion of plaintiffs, on the ground that it was not filed within the time allowed by the statute. That order was excepted to and is assigned as error. The major portion of each brief is devoted to a discussion of that assignment, it being contended by counsel for plaintiff in error that the motion was timely filed, because within the time allowed by an order extending the time, and that the order striking it from the files is equivalent to an order overruling the motion, if it was filed in time. Opposing counsel, on the other hand, contend that the order extending the time was unauthorized and invalid, and that the motion was, therefore, not filed in time to entitle it to any consideration, and was properly stricken from the files.

A bill of exceptions is in the record showing the motion that was filed, the disposition made of it, and the facts relating thereto. The record discloses the following facts respecting the matter: The findings of the court and judgment were rendered July 15, 1911, that being one of the days of the May, 1911, term of the court. An order, appearing in form as a court order, was signed by the district judge, dated July 24, 1911, and filed July 29, 1911, reading as follows (omitting the caption, signature and date):

"Upon the application of the defendant, Charles E. Blonde, and for good cause shown, it is hereby ordered that the time for the filing of the motion for a new trial in the above entitled cause is hereby extended to and including the 1st day of August, A. D. 1911; and said defendant is now and hereby given to and including the 1st day of August, A. D. 1911, within which to prepare and file his motion for a new trial of said cause." On July 29, 1911, more than ten days after the rendition of the judgment, the defendant filed his motion for new trial. At the November term the motion was presented to the court and argued by counsel for de-

fendant below, counsel for plaintiffs being present. Thereupon the argument was suspended at the court's suggestion and by agreement of the parties, to permit the preparation and filing of written briefs. On or about January 29, 1912, the defendant's attorneys filed with the judge of said court and served upon the attorneys for the plaintiffs their brief in support of the motion, the same being set out in full in the bill of exceptions, discussing the questions presented by the exceptions to the findings, and contending that the same were not supported by the evidence. On the 12th day of May, 1912, the attorneys for plaintiffs served upon the defendant's attorneys their written brief opposing the motion by a discussion of the questions thereby raised.

On May 14, 1912, while said motion for new trial was pending before the court, and, as stated in the bill, before the motion had been finally submitted, the plaintiffs made and filed their motion to strike the defendant's motion for a new trial from the files, on the ground that it was not filed in time, and, therefore, a nullity. The motion to strike recited the date of the judgment, the date when the motion for new trial was filed, the fact that it was not filed within ten days after the rendition of the judgment, and that it does not allege newly discovered evidence, or that the defendant was unavoidably prevented from filing the same within ten days from the rendition of the judgment; that no showing was made to the court prior to its filing that the defendant had been unavoidably prevented from filing the same within said ten days; and alleging that defendant was not unavoidably prevented from filing the motion within that time. It was recited also that an order of court had been filed in the cause on July 29, 1911, purporting to extend the time within which to file the motion for new trial to August 1, 1911; and it was alleged that said order was granted upon an *ex parte* application, that neither the plaintiffs nor their attorneys had any notice or knowledge that such an order would be applied for, or that the same had been entered until after it was filed as aforesaid, and that

said order was granted without any written application or petition therefor, and was, therefore, ineffective. The motion to strike was supported by affidavits. On June 29, 1912, an order was made and entered sustaining the motion to strike. That order recites that the motion of the plaintiffs to strike defendant's motion for new trial came on for hearing; that the plaintiffs appeared in person and by attorneys, and that the defendant appeared in person and by his attorneys, and also recites the dates respectively when the judgment was entered and the mation for new trial was filed; and continues as follows:

"And it further appearing that the previous order of this court purporting to extend the time for filing said motion for a new trial to August 1st, 1911, was granted on an oral and *ex parte* application of the defendant's attorneys, without any notice to the plaintiffs or either of them, or to their attorneys or either of them, or without any showing to this court that the defendant was or would be unavoidably prevented from filing said motion for new trial within the statutory period, and said order, for the reason aforesaid, being ineffectual, and without warrant or authority of law; and no showing having been made in said motion for a new trial, or otherwise, that the defendant had been unavoidably prevented from filing a motion for a new trial within the statutory period; and it further appearing for the reasons aforesaid that this court is without jurisdiction to hear and determine said motion for a new trial, and the same should be stricken from the files of this case and the records of this court: It is therefore considered, ordered, adjudged and decreed by the court that said motion to strike be and the same is hereby sustained, and the defendant's said motion for a new trial is hereby stricken from the files in this case and the records of this court."

The defendant excepted to the above ruling and order. Thereafter the defendant filed and presented a motion for a new trial upon the motion to strike, which was also overruled, and the ruling excepted to. It appears that the judge

who presided when the motion for new trial was stricken from the files was the same judge who had signed the order extending the time. It does not appear that any evidence was produced by the defendant upon the hearing of the motion to strike, and, therefore, the only evidence that the court had before it at the time of that hearing consisted of the court records, and the affidavits filed in support of the motion to strike, the latter showing that neither the plaintiffs nor their counsel had any notice that an order to extend the time for filing a motion for a new trial would be applied for, and no knowledge that an order purporting to extend the time had been entered until long after the same had been filed, and that the extension order was secured upon an oral and *ex parte* application. The fact that the application for the order was oral and *ex parte* was probably also within the knowledge and recollection of the judge, as well as the fact that no showing had been made at that time that the defendant was or would be unavoidably prevented from filing the motion within the period prescribed by statute. The record does not disclose any written application for the order, or a showing by affidavit or otherwise of any necessity or cause therefor, nor does the motion itself make any showing in that respect.

The statutory provisions applicable to the above facts are found in Sections 4603, 4604, Compiled Statutes 1910. Section 4603 reads as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be made within ten days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time."

Section 4604 provides that the application must be by motion, upon written grounds, filed at the time of making the motion. These provisions of the statute are held to be mandatory. (Kent v. Upton, 3 Wyo. 43, 2 Pac. 234; Mc-

Laughlin v. Upton, 3 Wyo. 48, 2 Pac. 534; Boswell v. Bliler, 9 Wyo. 277, 62 Pac. 350; Todd v. Peterson, 13 Wyo. 513, 81 Pac. 878; Casteel v. State, 9 Wyo. 267, 62 Pac. 348.) The very question here presented was considered and determined upon facts somewhat like those in the case at bar in Kent v. Upton and McLaughlin v. Upton, *supra*. At the time of those decisions the motion was required to be filed within three days after the verdict or decision was rendered, instead of within 10 days as the statute now provides, but otherwise the provisions of the statute were substantially and practically the same. In the case of Kent v. Upton it appeared that the verdict was rendered December 14, 1876; that on December 16, 1876, an order was entered by the court, on the application of counsel for defendant, extending the time for filing a motion for new trial to the end of the term; and that the motion for new trial was not filed until February 16, 1877, presumably during the term. In the McLaughlin v. Upton case it appeared that within three days after the verdict was rendered a like order extending the time was entered, on the application of counsel for the party desiring to file the motion, the journal entry reciting that the order was made "for good cause shown." It was held in each case, that the order extending the time was invalid, for the reason that the court was without any power to extend the time upon an *ex parte* application. It was further held that a party desiring to file a motion for new trial after the period has expired within which he might have filed it as of right, must show that he was unavoidably prevented from filing it within such period. The court said in McLaughlin v. Upton: "We hold that every motion for a new trial must be on written grounds, and that any party coming in after his right to file his motion for a new trial has expired must do so upon written grounds filed at the time of coming in, and then showing how and in what manner he has been unavoidably prevented." Further it was said: "To dispense with the requirement of being 'unavoidably prevented' something more is required than the mere will of the judge, or the wishes of one party to the suit."

In Kent v. Upton, the case of Odell v. Sargent, 3 Kan. 80, was referred to and the following was quoted with approval from the opinion in that case: "When the motion is filed in writing after the three days during which the motion for new trial is a matter of right, it is equally clear that there must be affirmative matter in writing in the motion or accompanying it, showing that the party has been unavoidably prevented from earlier making such motion. And even then such affirmative showing that a party has been unavoidably prevented from making the motion within the statutory period is not to be taken as of course true, but may be traversed." In each of the cases cited the judgment was affirmed for the reason that the motion for new trial not having been filed within the time allowed by the statute, no question presented by the petition in error was before the court for consideration.

These cases determined by our own court are not only decisive upon the facts in this case, but they are sustained by the uniform holding in other states under similar statutory provisions. (Sedam v. Meeksback, 6 O. C. C. 219; Fox v. Meacham, 6 Neb. 530; Roggencamp v. Dobbs, 15 Neb. 621, 20 N. W. 100; Aultman, Miller & Co. v. Leahey, 24 Neb. 286, 38 N. W. 740; Davis v. State, 31 Neb. 240, 47 N. W. 851; McDonald v. McAllister, 32 Neb. 514, 49 N. W. 377; Neb. Nat. Bank v. Pennock, 59 Neb. 61, 80 N. W. 255; Odell v. Sargent, 3 Kan. 80; City of Osborne v. Hamilton, 29 Kan. 1; Schallehn v. Hibbard, 64 Kan. 601, 68 Pac. 61; Railroad Co. v. Holland, 58 Kan. 317, 49 Pac. 71; Joiner v. Goldsmith, 25 Okl. 840, 107 Pac. 733; Riely v. Robertson, 29 Okl. 181, 115 Pac. 877; Eggleston v. Williams, 30 Okl. 129, 120 Pac. 944.)

In Fox v. Meacham, *supra,* it was contended that the right to grant a new trial is an inherent power in the court, and hence the court might grant a new trial upon a motion filed at any time without regard to the statutory limitation as to time, but the court said: "Now the authority of the legislature to regulate by statute the application for a new trial will not be questioned; and as the legislature of our state

has, by a mandatory act, fixed the time within which the application must be made, we think the court has no power to disregard such law." In Aultman, Miller & Co. v. Leahey, *supra,* it appeared that an amendment to the motion for new trial was made the fourth day after the verdict was rendered, the statute requiring the motion to be made within three days after verdict, and it also appeared that the amendment was made "without the finding by the court that the plaintiff was unavoidably prevented from a compliance with the statute, as a palliation for the amendment." After stating these facts the court proceeded to show that without the amendment the original assignments in the motion were incomplete and insufficient, and that the amendment comprised substantially the whole of the error assigned, and then said: "It does not seem, therefore, to have been competent for the court to have extended the time limited by the code, by the allowance of a substitute, as an amendment, after the expiration of the three days appointed, after the verdict. The authority of the legislature to regulate, by the code, application for new trials, will not be disputed. It has done so in a mandatory provision. This amendment is no less than an infraction of it."

In the case of McDonald v. McAllister, *supra,* the court say: "Where a motion for a new trial is filed out of time, it must be supported by a showing excusing delay." And, because the affidavit filed for the purpose of excusing delay was found to be insufficient for that purpose, it was held that no error was committed in striking the motion from the files, the same having been filed after the expiration of the three days provided by the statute. In Davis v. State, *supra,* it is said: "The court has no power to extend the time for filing such a motion beyond three days, except for newly discovered evidence, unless the party was 'unavoidably prevented' from making the application in time. If the court could grant an extension of one day, it can extend the period for one month or six months." The motion in that case was not filed until the fourth day after the verdict, and it was not based on the ground of newly discovered evidence. It

is further said in the opinion: "No showing was made excusing the delay, nor is there any finding of the trial court that the defendant was unavoidably prevented from filing his motion before the time allowed him by law had expired. The errors assigned in the motion for a new trial could not be considered by the court below, and cannot be reviewed here."

In the Oklahoma case of Joiner v. Goldsmith, *supra,* the court say that the statute "requiring that the motion be filed within three days after the verdict is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified by the statute, this court cannot consider it or review the errors occurring upon the trial." In Kansas and Oklahoma it is held that the words in the statute "unless unavoidably prevented," apply as an exception to the provision requiring the motion to be filed during the term at which the verdict or decision was rendered, as well as to the provision requiring it to be filed within three days after verdict. (Schallehn v. Hibbard, *supra;* Riely v. Robertson, *supra.*) In the Kansas case of Schallehn v. Hibbard a new trial had been granted, but the record was silent as to whether a showing was made that the party was unavoidably prevented from filing it during the term. It was held by reason of the silence of the record on that matter that it should be presumed that the motion fell within the exception, and that the facts showing such to be the case were proven to the satisfaction of the trial court. The court say: "In this case the record shows that, although the motion for a new trial was not filed until after the adjournment of the term at which the verdict was given and the judgment rendered, yet that the court took up this motion and granted it. This the court might do if the party filing the motion out of time was unavoidably prevented from filing within the time. The failure to file within three days and within the term is not inexcusable. If a party is prevented from so doing by unavoidable circumstances, yet his motion may be heard. The court must determine whether such circumstances exist. In this case

the record is silent upon the question as to whether there was sufficient excuse for not filing the motion within the term. Nothing whatever is said upon the subject. But all presumptions that are warranted by the record must be indulged in to support the correctness of the ruling of the court, and, so far as the record shows, abundant proof may have been introduced to show that the party was unavoidably prevented from filing his motion for a new trial within the term. We cannot presume error. If this evidence was not before the court, the record ought to have shown its absence in order to show error. It must be remembered that this case is one where a new trial was granted, and not one where it was refused. In a number of cases this court has decided that a trial court is justified in refusing a new trial where the motion therefor was not filed within the time prescribed by the section which we have cited." In the Oklahoma case of Riely v. Roberston, it appeared that the trial court had refused to strike the motion for new trial from the files. The court say: "Obviously the court found as a fact that the plaintiff in error was unavoidably prevented from filing his motion for a new trial at the term at which the verdict was rendered and for that reason he refused to strike the motion from the files. We are not prepared to say that he erred, as there was evidence reasonably tending to show the unavoidable prevention of its filing within time. The motion for new trial, however, failed to allege the unavoidable casualty, but the defendant in error having of his own motion introduced evidence without objection, from which the court evidently found the fact of unavoidable casualty, that cured such defect." The court further say: "We are of the opinion where a party is prevented by an unavoidable casualty from filing a motion for a new trial within the prescribed three days and at the term at which the verdict was returned that under proper allegations, supported by proof, a motion to vacate and set aside the judgment may be filed after the close of the term, and that the conclusion reached in Schallehn v. Hibbard, 64 Kan. 601, 68 Pac. 61, is correct. This being in line with the adjudications of the same pro-

cedure in Kansas, and facilitating the ends of justice, we follow the same."

In the case of Sedam v. Meeksback, *supra,* decided in one of the Circuit Courts of Ohio, from which state our code provisions were taken, it is said in the opinion: "The record shows the filing of the motion for a new trial long after the time fixed by the statute—and that as is claimed by counsel for the defendant in error, no leave to do this by the court is shown, and that there is no finding by the court on the journal that the person moving for a new trial was unavoidably prevented from doing so within the three days allowed. This, we think, is requisite,  *  *  .*  ."  In Indiana the statute provided that the application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned.  In Evansville & Richmond R. Co. v. Maddux, 134 Ind. 571 (33. N. E. 345, 34 N. E. 511), it appeared that the verdict had been rendered some time before the final adjournment of the term, but the judgment was entered on the last day of the term; that there was no offer to file a motion during the term, nor until the first day of the next term.  It was held that the motion came too late.  In McIntosh v. Zaring, 150 Ind. 301, 49 N. E. 164, it appeared that the verdict was returned on the last day of the term, that an adjourned term was called, and that the court allowed until the first day of the "next term" to present a motion for new trial, "but without consent of or notice to" the other party.  It appeared also that the motion was not filed at the adjourned or special term.  It was held that the motion was carried forward to the next term "whether general, special or adjourned," and that whichever term, general, special or adjourned, came next after the term in which the verdict was returned would be the "next term" within the meaning of the statute, and that, therefore, the application should have been made at the adjourned term, and the court said: "The court had no right

to extend the time for filing the motion beyond the time fixed by law for filing the same, especially in the absence and without the consent of appellees." (See also King v. Gilson, 206 Mo. 264, 104 S. W. 52 ; 29 Cyc. 927-929.) Counsel for plaintiff in error has called attention to Section 4418, Compiled Statutes, 1910, which provides that the court, or a judge thereof in vacation, may, for good cause shown, extend the time for filing any pleading upon such terms as are just, and to the fact that when the Upton cases were decided the section provided only that time might be extended for filing a petition or answer. The provision is not applicable. A motion for a new trial is not a pleading under our code provisions, as we have frequently held, and as held in other states having the same code procedure. It clearly appears by this record that no showing was made at any time that the plaintiff in error, defendant below, would be or had been unavoidably prevented from filing his motion for a new trial within ten days after the decision was rendered. It also appears that the order purporting to extend the time was made upon an oral *ex parte* application, without notice to or the consent of the defendants in error, plaintiffs below, or their counsel. Such order was therefore ineffectual. Whether such an order might be made before presenting a motion, upon notice to and consent of the other party to the cause, and a satisfactory showing that the one desiring to file the motion would be unavoidably prevented from doing so within the statutory period, it is unnecessary to decide. An order extending the time would not be required, for it would be competent for the party to make the necessary showing that he had been unavoidably prevented upon coming in with his motion and asking leave to file the same. Defendant's motion having been filed when he had no right to file it, it was properly stricken from the files. (29 Cyc. 929.) He is here without a motion for new trial, and, for that reason, none of the errors assigned can be considered. The judgment must, therefore, be affirmed.        *Affirmed.*

Scott, C. J., and Beard, J., concur.