## ROY E. HAYS CO. v. ALLEN
(No. 1639; Nov. 19, 1930; 293 Pac. 370)

For the plaintiff in error there was a brief by *G. H. Paul*, of Riverton, Wyoming.

For the defendant in error there was a brief by *A. C. Allen,* of Riverton, Wyoming, *pro se.*

RINER, Justice.

The proceedings in error undertaken in this case were instituted by the plaintiff in error, the Roy E. Hays Company, a copartnership, to review a judgment rendered by the District Court of Fremont County in favor of A. C. Allen, the defendant in error. The suit below was brought by the party last mentioned against the partnership aforesaid and also against the Riverton State Bank, as defendants, its purpose being to quiet the title to certain real property, which title Allen asserted under a tax sale and deed to him by the county treasurer and county commissioners of Fremont County, Wyoming. It was alleged in his petition that the defendants claimed some interest in this property. That interest the defendant, Roy E. Hays Company, averred in its answer to be an undivided one-half interest in and to the property in controversy, the same having been obtained under a sheriff's deed issued subsequently to the delivery of said tax deed. The bank, before trial, disclaimed any interest in the subject of the action and the cause was heard by the court without a jury, with the partnership as the only contesting defendant. The decree signed quieted the title to the property in Allen, as against the claims of each of said defendants.

The petition in error filed here assigns the action of the trial court, in overruling the motion for a new trial filed by the defendant, the Roy E. Hays Company, as the only error upon which a reversal of the judgment is asked.

Section 5872, W. C. S. 1920, requires the motion for a new trial in a civil action to be made at the term the verdict, report or decision is rendered, and, apart from an exception not material here, "shall be made within ten days after the verdict or decision is rendered." This provision of our statutes, by a long line of decisions of this court, has been held to be mandatory. Blonde v. Merriam, 21 Wyo. 513, 133 Pac. 1076, and cases cited.

Plaintiff in error's brief states that: "This cause was tried in the District Court of Fremont County, Wyoming, and a judgment rendered therein in favor of the plaintiff on the 3rd day of September, 1929," and record reference is made to support that statement. We have examined the record and, so far as can be told from it, what has been quoted above correctly declares that the judgment in this case was rendered on the 3rd day of September, 1929. A further examination of the record also discloses, that the defendant's motion for a new trial was not filed until September 14, 1929, and beyond the time allowed by law for doing so. Under these circumstances it was not error on the part of the trial court to overrule the motion. Boswell, Admr. v. Bliler, 9 Wyo. 277, 62 Pac. 350; Stanton v. C. B. & Q. R. R. Co., 25 Wyo. 139, 165 Pac. 993; Casteel v. State, 9 Wyo. 267, 62 Pac. 348.

Aside from the cause being in the situation just discussed, there is yet another matter which cannot be overlooked. The motion for a new trial mentioned above was presented to the court, and, by an order dated November 5, 1929, it was overruled. Concerning the preparation of bills of exceptions in proceedings in error, Wyoming Compiled Statutes 1920, Sec. 5864, provides:

"The party objecting to the decision must except at the time the decision is made, and shall have sixty days from

and after the date of the judgment, decree, or final order in the case within which to reduce the exception to writing and present the same to the court or judge for allowance. If within said sixty days the party excepting shall make it satisfactorily to appear to the court or judge authorized to allow the bill of exceptions that the party will be unavoidably prevented from presenting the bill within said time, the court or judge by written order may extend said time, but not to exceed sixty additional days.''

Regarding a motion for a new trial, in its relation to our rule 13 for the disposition of cases here, this court in Fried v. Guiberson, 30 Wyo. 150, 164, 217 Pac. 1087, 1091, said:

''The date of the overruling of such a motion, as to matters necessary to be presented thereby under said rule, is taken and accepted by this court as the date of the 'judgment, decree or final order' from which the period prescribed by statute will run, for reducing exceptions to writing and presenting the same for allowance. See Gilpatrick v. Perry, 26 Wyo. 538, 188 Pac. 442; Harvester Co. v. Jackson L. Co., 25 Wyo. 367, 170 Pac. 6; Chatterton v. Bonelli, 27 Wyo. 301, 196 Pac. 316. The said motion for a new trial having been necessary for a consideration here of the grounds asserted in this court for a reversal of the judgment, the period limited by law for presenting the bill for allowance is to be computed from October 21, 1920, the date on which the motion was overruled.''

It is apparent then, that the sixty days allowed by law for the reduction to writing of the exceptions taken by the defendant on the trial of the cause, for presentation to the court or judge for allowance, would expire on January 4, 1930. In order to obtain an additional time to do this, it was necessary to apply to the court or judge for a written order extending the period allowed by the law as of course.

On December 17, 1929, the defendant made a written application to the trial judge entitled ''Application for Extension of Time to File the Petition in Error, and Transcript of Evidence and Bill of Exceptions in the Supreme Court.'' Its purpose was therein stated to be ''for an

order extending the time in which to file the petition in error, transcript of evidence and bill of exceptions in the Supreme Court.'' The same day and upon this application, the judge made an order which, omitting caption, date and signature, reads:

''The application of the Defendant Roy E. Hays Co., having heretofore been filed in this court, asking for an order, extending the time, in which to file his petition in error, record, transcript of the evidence and bill of exceptions, in the Supreme Court, and the court being fully advised in the premises, and for good cause shown.

''It is therefore ordered, that the time for the filing of the petition in error, record on appeal, transcript of evidence and bill of exceptions in the Supreme Court, is herein extended for the period of 60 days from the 6th day of January, 1930.''

Whatever the purpose sought to be accomplished by this order, it will be observed that no extension of time within which to reduce the exceptions taken at the trial by the defendant ''to writing and present the same to the court or judge for allowance'' was either asked for by the application described above or granted by the order just quoted in full. No other order in the record undertakes to supply this deficiency. The bill of exceptions was not allowed and signed by the trial judge until February 22, 1930—at a time when, so far as this record shows, he could not legally do that.

In Lewis v. Partee, (Tenn. Chan. App.) 62 S. W. 328, 335, the law gave chancellors and circuit judges authority to grant time, not exceeding thirty days after adjournment of court within which a bill of exceptions might be signed and filed. An order was made that the defendant should be allowed thirty days in which to perfect their appeal. Declining to consider a bill of exceptions signed and filed within the thirty days so allowed, the appellate court said that:

''An allowance of time within which to perfect an appeal does not cover the right to prepare and file a bill of exceptions.''

So in Herbst v. Rogers, 22 N. M. 449, 164 Pac. 827, 828, the practice required by law was that a bill of exceptions must be settled and signed on or before ten days before the original return day, unless time for doing so was extended upon application made. An order was made by the trial court extending time for the appellant ''to perfect his appeal herein and file a completed transcript in the Supreme Court.'' It was contended that this order automatically extended the time to settle and sign the bill of exceptions. Holding adversely to this contention, it was said:

''The law requires the application to be made some time between the granting of the appeal and ten days prior to the original return day. The fact that the return day is extended by the trial court, by the extension of time to file a complete transcript in this court, or otherwise, is entirely without bearing on the question as to whether the time to settle and sign the bill of exceptions was extended. The record in the case at bar discloses that the bill of exceptions was settled and signed long after the original return day, and fails to disclose any order extending the time to settle and sign the same. Therefore the bill of exceptions must be stricken from the record.''

Again, in Reliable Incubator & Brooder Co. v. Stahl, 102 Fed. (C. C. A. 7th Cir.) 590, 593, this language was used:

''The suggestion that, by the order giving time for the preparation and filing of the transcript of the record in this court, the circuit court retained jurisdiction of the case for the purpose of signing the bill of exceptions, is manifestly untenable.''

And the bill of exceptions in that case signed by the trial court beyond the term at which the judgment was rendered and without any extension of time for that purpose— unless, as contended, the order giving time for the prepara-

tion and filing of the transcript of the record in the appellate court could be regarded as such—was stricken out.

Under these authorities it is clear, that the order made in the instant case and quoted above, could hardly be construed as one allowing an extension of time within which to reduce defendant's exceptions to writing and present them to the proper court or judge. In reaching this conclusion we have not overlooked the case of Jones v. Bowman, 10 Wyo. 47, 65 Pac. 1002, where it was held that an order granting time within which to "file" a proposed bill of exceptions would be construed as an order granting time to reduce the exceptions to writing, nor White Auto Co. v. Hamilton, 29 Wyo. 109, 210 Pac. 958, wherein it was decided that an order granting appellants additional time to prepare and present their "bill of exceptions" made before a motion for a new trial was ruled upon and apparently intended as an extension of time for filing of the record on appeal, should be regarded as such extension. In those cases there appeared additional orders and facts which indicated the results arrived at in them. Neither case goes the length we would be obliged to go here to construe and transform the order aforesaid, as would be necessary to save the bill of exceptions, so far as this phase of the case is concerned.

In Barnett v. Bankers Finance Assn., 38 Wyo. 511, 268 Pac. 1025, this court declined to extend the rule announced in the cases just cited, and we are not inclined to extend it here. In Ohio the statute permitted the trial judge to extend the time for signing the bill of exceptions for a period not exceeding ten days beyond the expiration of fifty days, which extension was required to be endorsed on the bill of exceptions by the trial judge, and the endorsement on the bill by the judge read:

"Leave is hereby given to file this bill of exceptions within ten days next after the expiration of the fifty days allowed by law."

Holding that this was not in legal effect an extension of the time for signing the bill and that the Circuit Court rightly struck the bill from the files, the court, in The National Union v. Stoll, 65 O. St. 547, 63 N. E. 73, said:

"There is no authority by statute for entering this extension of time upon the journal of the court, but it *must* be endorsed on the bill by the trial judge. There is no time expressly fixed by statute wherein a bill of exceptions shall be filed and therefore the extension of time allowed for *filing* the bill, would not include the *signing* upon the principle that the greater includes the less, for the reason that an extension of time for filing is not provided for, and therefore such unauthorized extension could not include an extension for *signing*.

"As there was no extension of time for signing the bill endorsed on the bill by the trial judge, the bill was signed after the time allowed by law."

Even if we were to go to the extent necessary to save the bill of exceptions—leaving out of view the consequences of failing to file the motion for a new trial within time—by construing the order aforesaid as one to extend the time to reduce defendant's exceptions to writing and present them to the court or judge for allowance, there would still remain the difficulty of bridging the gap between the 4th of January, 1930, when the legal sixty day limit for reducing the exceptions to writing and presenting them expired, and the 6th day of January, 1930, when the extension commenced by its terms to be effective—a problem which we do not deem it necessary to solve.

While this court is always reluctant to dispose of cases because of violation of rules of procedure, nevertheless it does not seem possible to avoid doing so, at times. Rules of procedure established by law must necessarily prevail and be maintained if the business of the courts is to be transacted in orderly fashion, and a chaotic condition in practice prevented. The statutory requirements, rules of court and forms governing proceedings in error in this state have

been known to the bench and bar alike for more than forty years. When their plain provisions are transgressed, we cannot feel that it is unjust or unfair to enforce the necessary consequences of such transgression.

Inasmuch as no questions are presented which can be considered in the state of the record before us, the only course remaining open for us to follow is to order an affirmance of the judgment below. We do this with less hesitation, as we have, notwithstanding the condition of the case already discussed, fully examined the purported bill of exceptions and are inclined to the view that the questions attempted to be raised thereby are without merit.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.